**Leroy HARDAWAY Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–96–0261–CR.**

Court of Appeals of Texas, Amarillo.

Jan. 29, 1997.

Marvin Williams, Jr., Lubbock, for appellant.

William Sowder, District Attorney, Michael West, Appellate Chief, Lubbock, for appellee.

Before BOYD, C.J., and DODSON, J. and REYNOLDS, Senior Justice.*

BOYD, Chief Justice.

In one point of error, appellant Leroy Hardaway Jr. challenges his conviction of possession with intent to deliver a controlled substance and the consequent jury-assessed punishment of 35 years confinement in the Institutional Division of the Texas Department of Criminal Justice. In his point, and relying upon portions of Tex.Code Crim.Proc. Ann. art. 37.07,[1] he contends the trial court erred in admitting evidence during the punishment phase of his bad reputation and character as a peaceable and law abiding citizen. Disagreeing, we affirm the judgment of the trial court.

During the punishment phase of the trial, Lubbock Police Officers Dewayne Gerber and Manuel Reyna testified that appellant's reputation in the community was "bad" and, in their opinion, he was not a peaceful and law abiding citizen. Officer Dale Gregg only expressed his opinion that appellant was not a peaceful and law abiding citizen. Prior to

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

1. Subsequent references to article numbers are to those articles of the Code of Criminal Procedure.

the opinion testimony of each officer, each of them was examined and each testified he "worked" narcotics. Each then gave a brief general resume of their training and duties in connection with this work. The only other testimony offered at the punishment stage of the trial was that of a fingerprint expert who identified appellant's fingerprints in connection with the records of two prior convictions, one for burglary of a motor vehicle and the other for theft of property worth more than $20 but less than $200.

Article 37.07(a), as relevant here, provides that at the punishment stage of a criminal trial, either the State or the defendant, *inter alia,* may offer evidence "as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character...." Tex.Code Crim.Proc. art. 37.07, § 3(a) (Vernon Supp.1997).

Appellant bases his appeal upon article 37.07(3)(g), which became effective September 1, 1993. The subsection provides:

(g) On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

Tex.Code Crim.Proc.Ann. art. 37.07, § 3(g) (Vernon Supp.1997).

In pertinent part, Rule 404[2] of the Texas Rules of Criminal Evidence provides:

(b) *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial to of intent introduce in the State's case in chief such evidence other than that arising in the same transaction.

(c) *Character Relevant to Punishment.* In the penalty phase, evidence may be offered by an accused or by the prosecution as to the prior criminal record of the accused. Other evidence of his character may be offered by an accused or by the prosecution. Nothing herein shall limit provisions of Article 37.071, Code of Criminal Procedure.

It is undisputed that appellant timely requested, *inter alia,* "pursuant to Article 37.07, Section 3(g) of the Code of Criminal Procedure, notice of evidence regarding ... his general reputation and character or opinion thereon...." The State timely responded to this request for notice with documents entitled "Notice of Intent to Use Evidence of Extraneous Offenses and to Impeach." The second notice, which included all the matters addressed in the first notice, informed appellant that the State intended to use "the following extraneous offenses or misconduct against [appellant] either in the State's case-in-chief or punishment or rebuttal phases of the trial," and for impeachment. This second notice consisted of nine paragraphs describing several criminal episodes, *i.e.,* "[a]ny and all matters relating to the defendant knowingly and intentionally possessing with the intent to deliver a controlled substance, to-wit, cocaine on or about June 14, 1995 in Lubbock County, Texas."

■ Appellant does not dispute that the State furnished him a full and complete list of all witnesses, including the officers whose testimony is in question. However, he contends that he was never furnished the notice

---

**2.** Subsequent references to rule numbers are to those rules of the Texas Rules of Criminal Evidence.

to which he contends he was entitled under the statute, *i.e.,* that the officers would give reputation testimony about him. He contends that because of the lack of that specific notice, reversal and remand is required. Parenthetically, even if an appellate court determines reversal is required because of an error during the punishment hearing, a new trial on guilt or innocence is not required, but the case may be remanded for rehearing of the punishment phase alone. Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp. 1997).

In neither the trial court nor before us does appellant claim that he was surprised by the reputation testimony nor, other than being harmed by the inference the jurors might have gained from the reputation witnesses' dealings with narcotics, does he claim that harm to him actually resulted from the failure to specifically notify him that the officers, although named as witnesses, would testify as to his reputation. It is established beyond cavil that at the punishment stage of a criminal trial, the reputation of a defendant is an issue and the State is entitled to introduce proper evidence about that reputation. *Hoffert v. State,* 623 S.W.2d 141 (Tex.Crim. App.1981).

There is a paucity of cases considering the effect of a failure to give notice of reputation testimony or, indeed, whether the statutory notice required includes reputation testimony. We are instructed that in construing a statute, whether or not it is considered ambiguous, we are obligated to consider the object sought to be obtained and the consequences of any particular construction. Tex. Gov't Code Ann. § 311.023 (Vernon 1988). Words and phrases are to be read in context and construed according to the rules of grammar and common usage. Tex. Gov't Code Ann. § 311.011 (Vernon 1988).

Review of section 3(g) of the statute reveals that it requires notice of intent to "introduce evidence *under this article*" which, superficially, would seem to apply to all evidence introduced by virtue of article 37.07. However, the section goes on to say "in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence."

In *Vuong v. State,* 830 S.W.2d 929, 942 (Tex.Crim.App.1992), in considering the question whether the State failed to give reasonable notice of character evidence to be admitted at the punishment stage of the trial, the court held that Rule 404(b) was "inapposite" to decision of the question, and Rule 404(c), which has no notice requirement, was "the appropriate governing statute" in such matters. It is true that this case was decided prior to the effective date of section 3(g), but the court's interpretation of Rule 404(b) is instructive. We also note that the language in section 3(g) "requires" a specific date, the county in which the bad act or crime occurred, and the name of the alleged victim in order to constitute the reasonable notice required by the section. This language, together with the fact that Rule 404(b) has been held to be "inapposite" to character evidence, convinces us that it was not the legislative intent to include character evidence within the purview of the section 3(g) notice requirement.

■ Moreover, even assuming arguendo that the admission of the character evidence was error, reversal is not required if, after a review of the entire record, this court is satisfied beyond a reasonable doubt that the error made no contribution to the punishment. *Harris v. State,* 790 S.W.2d 568, 585–86 (Tex.Crim.App.1989); Tex.R.App.P. 81(b)(2). In order to make that decision, we consider the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, its probable collateral implications, how much weight a juror would probably place on the error, and whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris,* 790 S.W.2d at 587.

Appellant argues the narcotics officers' testimony was "very damaging and prejudicial" because during their testimony, the State brought out that the witnesses dealt with narcotics. Thus, he posits, the inference from their testimony was that they gained their knowledge of appellant through their duties as narcotics officers, thereby "paint[ing] a picture that appellant had a bad reputation or character with narcotics officers for years."

In considering appellant's argument, as we must, we have reviewed the entire record. In the guilt or innocence phase of the trial,

the two officers[3] who arrested appellant testified that they saw appellant direct a young woman to retrieve something from a hole in the backyard of the house where appellant was living while the officers were conducting a surveillance on the house. The woman retrieved a "white article" from the hole in the ground. The article was then put in a bag, and appellant and the woman began walking down the alley where the officers were hiding. When a child playing on the roof of a building alerted appellant and his companion that the police were there, appellant took a white substance from the bag and began walking in the other direction. The police then pursued and arrested them both.

When appellant was searched, the police found nothing on him, but a subsequent search of the alley revealed a clear plastic baggy containing rocks of crack cocaine and a homemade crack pipe. A Department of Public Safety chemist testified that the substance was cocaine with a net weight of 19.3 grams. One officer testified the cocaine was worth $6,000, indicating it was for "resale," while the other testified it was worth at least $2,000.

The neighbor who lived next to the house where appellant was arrested testified that appellant and several other people were living there at the time. He stated that eight to fifteen cars a day visited the house, some of them stopping in the alley, staying only a few minutes, and often at night. According to this neighbor, once a car would arrive at the house, someone would "run back there to a little hole they had dug by the fence." When he had an opportunity to look in the hole, he saw what he thought was "rock cocaine."

In considering the effect of the character evidence, we note the range of punishment for this first degree felony is confinement for any term of not more than 99 years or less than 5 years. Tex. Health & Safety Code Ann. § 481(a)(d) (Vernon Supp.1997); Tex. Penal Code § 12.32 (Vernon 1994). The punishment of 35 years is in the middle area of that range of punishment. Before assessing that punishment, the jury heard the guilt-innocence testimony we have outlined above and the unchallenged punishment stage testi-

mony about his two prior convictions for burglary and theft.

We also note that the State did not unduly emphasize the narcotics officers' testimony, let alone their background or experience with appellant. The officers' character testimony was minimal and without embellishment. Considered in the light of all the evidence, we fail to see undue harmful collateral implications from this testimony, nor do we find that it was of such a nature that a juror might place undue emphasis upon it. A finding that the admission of this evidence was harmless is not of such a nature that the State is apt to repeat it with impunity.

In sum, we hold character evidence of this nature is not subject to the objection raised and, further, even assuming arguendo it was erroneously admitted, under this entire record, its admission would not require reversal. Accordingly, appellant's point of error is overruled and the judgment of the trial court affirmed.

---

3. Two attorneys testified that one of the officer's reputation "for truth and veracity" was "bad."