Mitchell Wayne Warnell
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-238-CR

     MITCHELL WAYNE WARNELL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 96-112-C
                                                                                                                

O P I N I O N
                                                                                                                
      
      Mitchell Wayne Warnell was indicted for aggravated sexual assault of a child under fourteen. 
Tex. Pen. Code Ann. § 22.021(Vernon Supp. 1997). He pled not guilty, and the case was tried
before a jury. The jury found Warnell guilty of the lesser-included offense of indecency with a
child by sexual contact and sentenced him to twenty years in prison. Id. § 21.11(a)(1) (Vernon
1994). Warnell appeals on three points of error. He asserts that the evidence is insufficient to
sustain the conviction, the trial court abused its discretion in allowing punishment testimony that
was presented solely to prove he acted in conformity with his character, and the trial court abused
its discretion in allowing punishment testimony when “the State failed to give adequate notice that
it would present such evidence.” We will affirm the judgment.
SUFFICIENCY OF THE EVIDENCE
      Warnell’s first point asserts that the evidence is insufficient to support his conviction. The
standard of review for challenges to sufficiency of the evidence is whether, after viewing the
evidence in the light most favorable to the judgment, any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Lane v. State, 933 S.W.2d 504,
507 (Tex. Crim. App. 1996) (citing Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,
2788-89, 61 L.Ed.2d 560 (1979)). Under the Jackson standard, we do not position ourselves as
a thirteenth juror in assessing the evidence; rather, we position ourselves as a final, due-process
safeguard ensuring only the rationality of the factfinder. See Moreno v. State, 755 S.W.2d 866,
867 (Tex. Crim. App. 1988). 
      We do not make our own myopic determination of guilt from reading the cold record. See
id. We do not disregard, realign, or weigh evidence. See id. The trier of fact is the sole judge
of the weight and credibility of the witnesses and may believe or disbelieve all or any part of any
witness' testimony. Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). We do not
resolve any conflict in fact or evaluate the credibility of the witnesses. See Juarez v. State, 796
S.W.2d 523, 524 (Tex. App.—San Antonio 1990, pet. ref'd). We have only the discretion to
determine if any rational trier of fact, considering the evidence admitted at trial, could have found
the essential elements of the offense beyond a reasonable doubt. See Rodriguez v. State, 819
S.W.2d 871, 873 (Tex. Crim. App. 1991).
      At trial, the following witnesses testified with regard to the alleged sexual assault.
KIMBERLY H.
      Kimberly H. is the mother of the alleged victim, R.H. She testified that Warnell, her cousin’s
live-in boyfriend, paid a lot of attention to R.H. He would always compliment her and say how
special she was. She testified that R.H. was a very outgoing child until April of 1995 when she
started sleeping in her parents’ bedroom. Kimberly testified that R.H. became very afraid to be
left alone. She also testified that R.H. became angry often and cried all the time. Kimberly stated
that when she finally confronted R.H. about her strange behavior, the child told her that someone
had touched her but did not tell who. She said that she then took R.H. to counseling and for a
physical examination. R.H. initially stated that the assailant was a boy from school. Later, R.H.
told her mother, multiple counselors, and Deputy Sheriff Pam Brown that Warnell had touched
her through her clothes. Finally, Kimberly testified, R.H. confessed that Warnell had raped her. 
Kimberly said that her daughter had told her that Warnell called her into the bedroom, put her on
the bed on her back, pulled her shorts over to the side, put a pillow over her face, and then
proceeded to have sex with her.
DR. SUSAN NICHEL
      Dr. Nichel testified that she conducted a physical examination of R.H. and found everything
to be normal. She testified that this was not uncommon in abused children because what a child
might think is penetration may not actually be, although some type of touching “could have
occurred.”
R.H.
       Eleven year old R.H. testified that she came into the house to change clothes, and Warnell
was sitting on the couch. After she went into her bedroom and changed clothes, she went into the
kitchen for a drink. At that time, Warnell went back into her bedroom and called for her to come
back there. When she did, he shut the door behind her and pushed her on the bed. She then
testified that he took her shorts off, took his off, and lay on top of her. She then said that he put
his private part in hers. R.H. then testified to two other incidents where Warnell touched her
“over” her clothes. 
DEPUTY SHERIFF PAM BROWN
      Investigating officer Brown testified that R.H. told her about an incident where Warnell
touched her “over” her clothes at her grandmother’s house. Upon interviewing R.H. a second
time, Brown was told that Warnell had assaulted R.H. on a different occasion in her own home. 
R.H. told her that he called her into the bedroom, shut the door, pulled her down on the bed,
pulled her shorts and panties off, removed his own clothes, got on top of her, put a pillow over
her face, and then put his private part in her private part and had sex with her.
      Warnell complains that the only touching which was testified about was the touching of his
penis to, or into, R.H.’s genitals. He rationalizes that this testimony, if believed by the jury,
could only have resulted in a conviction for aggravated sexual assault. Presuming that the jury
disbelieved this testimony, Warnell argues that there was no evidence to support the conviction
on a lesser offense.
      Warnell’s argument lacks merit. There are two ways in which the evidence may indicate that
a defendant is guilty only of a lesser offense. There may be evidence which negates or refutes
other evidence establishing the greater offense; or, the evidence presented may be subject to
different interpretations. Saunders v. State, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992). 
The jury was free to believe any part of the testimony it so chose to believe, and in doing so could
validly opt for the lesser-included offense charged. 
      A person is guilty of indecency with a child if he engages in sexual contact with the child. 
Tex. Pen. Code Ann. § 21.11(a)(1). “Sexual contact” means any touching of the anus, breast,
or any part of the genitals of another person with the intent to arouse or gratify the sexual desire
of any person. Id. § 21.01(2) (Vernon 1994). Looking only at the evidence favorable to the
verdict, we find the evidence legally sufficient to sustain the conviction for indecency with a child. 
Lane, 933 S.W.2d at 507. We overrule point one.



CHARACTER EVIDENCE
      In his second point, Warnell urges that evidence was erroneously admitted during the
punishment phase of the trial. During the punishment phase, the State put on evidence that
Warnell told others that he had had sex with an eleven-year-old girl and a thirteen-year-old girl. 
The State offered the evidence not to prove that the sexual encounters actually occurred, but rather
to show Warnell’s character for telling people that he had had sex with young girls. The jury was
instructed as to the limited admissibility of the evidence.


 
      Article 37.07, section 3(a), of the Code of Criminal Procedure governs admissibility of
evidence of the defendant’s character during the punishment phase of a trial. It provides that
“regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence
may, as permitted by the Rules of Evidence, be offered by the State and the defendant as to any
matter the court deems relevant to sentencing, including the prior criminal record of the defendant,
his general reputation and his character.” See Tex. Code Crim. Proc Ann. art. 37.07, § 3(a)
(Vernon Supp. 1997). Rule 404(c) provides for the admissibility of the accused’s character during
the punishment phase. See Tex. R. Crim. Evid. 404(c). As argued by the State, the evidence was
not offered to show Warnell actually had sex with these two children, but rather to show that he
is of the character to “brag” about having sex with them. 
       Warnell first argues that this evidence was offered to show that he acted in conformity with
his character, which is not admissible under Rule 404(b). Id. 404(b). However, 404(c) is the
applicable rule for the punishment phase, not 404(b). See id. 404(c); Adanandus v. State, 866
S.W.2d 210, 233 (Tex. Crim. App. 1993), cert denied, 510 U.S. 1215, 114 S.Ct. 1338, 127
L.Ed.2d 686 (1994); Kiser v. State, 893 S.W.2d 277, 285 (Tex. App.—Houston [1st Dist.] 1995,
pet. ref’d). The reputation and character of a defendant is at issue during the punishment stage of
a criminal trial. Hoffert v. State, 623 S.W.2d 141, 147 (Tex. Crim. App. 1981); Ybarra v. State,
775 S.W.2d 409, 411 (Tex. App.—Waco 1989, no pet.).



      Next, Warnell asserts that the evidence was more prejudicial than probative under Rule 403. 
Tex. R. Crim. Evid. 403. Because there was a proper Rule 403 objection to this testimony,
Montgomery v. State required the trial court to balance the probative value of the evidence against
any prejudicial impact. 810 S.W.2d 372 (Tex. Crim. App. 1986). The trial court found the
evidence relevant, and determined that the probative value of the evidence outweighed the
prejudicial effect. See Tex. R. Crim. Evid. 403. So long as the trial court operates within the
boundaries of its discretion, we will not disturb its decision. Montgomery, 810 S.W.2d at 389. 
The trial court admitted the evidence because the statements referred to children about the same
age as the alleged victim, the statements concerned acts of sexual improprieties, and the statements
were “admissions” by the defendant. We hold that the record supports the trial court’s finding
that the probative value outweighed the prejudicial effect of the evidence and that admitting the
testimony was not an abuse of discretion. Point two is overruled.
NOTICE
      Warnell complains in his third point that the State failed to give adequate notice that it would
present evidence of an extraneous crime or bad act during the punishment phase of the trial. 
Specifically, he urges that the notice he received was inadequate because it failed to include the
date on which and the county in which the alleged crime or bad act occurred and the name of the
alleged victim of the crime or bad act. 
      The State responded to Warnell’s request for the information with a letter informing him of
plans to call two witnesses to testify about conversations they had had with Warnell. The State 
included the statements in the responding letter. However, as discussed under point two, the
evidence was offered as character-evidence and not as evidence of extraneous offenses, thereby
taking it out of the purview of article 37.07, section 3(g) of the Code of Criminal Procedure. It
was not the legislative intent to include character evidence within the purview of the section 3(g)
notice requirement. Hardaway v. State, 939 S.W.2d 224, 226 (Tex. App.—Amarillo 1997, no
pet.). We overrule point three.
      The judgment is affirmed.
 
                                                                               BILL VANCE
                                                                               Justice

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed October 22, 1997 
Do Not Publish