NUMBER
13-01-245-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG


                                                                                                    


 

CODY
ALAN McADAMS,                                                       Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

                                                                                                   


 

        On appeal from the 1st District Court of
Jasper County, Texas.

                                                                                                     

 

                                   O P I N I O N

 

                       Before Justices Dorsey,
Yañez and Baird[1]

                                   Opinion
by Justice Baird     

 

 








 

Appellant was charged
by indictment with the offense of burglary of a habitation.  A jury convicted appellant of the charged
offense and assessed punishment at twenty years confinement and a fine of
$5,000.[2]  Appellant raises three points of error.  We affirm the judgment of the trial court.

I.  Denial of Motion to Suppress Physical
Evidence.

The first point of
error contends the trial judge erred in denying appellant=s motion to suppress
an overcoat taken from the home allegedly burglarized by appellant.  This exhibit was recovered from appellant=s automobile following
his arrest in Minnesota.

A.  Factual Summary.








The complainant and
his wife were in Florida from the end of December, 1996 until the middle of
January, 1997.  Upon returning to Jasper
County, the complainant discovered his home had been burglarized, and several items
were missing.[3]  The complainant=s wife became suspicious of appellant, whose
parents lived at the front of the complainant=s driveway. 
Through the use of binoculars, she spied appellant taking a black
overcoat from his vehicle.  This garment
was distinctive because of its red satin lining.  The complainant, without the use of a visual
aid, also recognized the overcoat.  The
complainant then inventoried his closet and realized the overcoat in appellant=s possession had been
taken during the burglary.

Officer Michael Rally
subsequently arrested appellant in St. Cloud, Minnesota.[4]  Following his arrest, appellant consented to
the search of his vehicle.  Upon a visual
search, Rally observed the overcoat. 
However, the garment was not seized by Rally at that time.  Appellant=s vehicle was released to Jennifer Stalnaker who
later gave the overcoat to Rally.  This
garment was admitted into evidence as State=s exhibit 1.

B.  Argument and Analysis.








Appellant argues the
trial court erred in denying the motion to suppress the overcoat because the
State failed to prove that appellant and Stalnaker voluntarily consented to the
search of the vehicle.  An appellate
court reviews the trial judge's ruling whether to admit or exclude evidence
under an abuse of discretion standard. Wilks v. State, 983 S.W.2d 863,
866 (Tex. App.BCorpus Christi 1998,
no pet.).  In conducting this review, we
give almost total deference to a trial judge's determination of historical
facts and application of law to fact questions that turn on credibility and
demeanor, we then review de novo application of law to fact questions
that do not turn upon credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In other words, we give almost total
deference to the trial judge in determining what the actual facts are, and then
we review de novo whether those facts are sufficient to provide legal
justification for obtaining the complained of evidence.  Garcia v. State, 43 S.W.3d 527, 530
(Tex. Crim. App. 2001).  Where the trial
court does not make explicit findings of historical facts, we review the
evidence in the light most favorable to the trial court's ruling.  Walter v. State, 28 S.W.3d 538, 540
(Tex. Crim. App. 2000).

A voluntary consensual
search is an exception to the warrant requirements of the Fourth Amendment to
the United States Constitution and Article I, Section 9 of the Texas
Constitution.  Meeks v. State, 692
S.W.2d 504, 509 (Tex. Crim. App. 1985) (citing Schneckloth v. Bustamonte,
412 U.S. 218 (1973)); Kolb v. State, 532 S.W.2d 87, 89 (Tex. Crim. App.
1976).  The State bears the burden of
proving by clear and convincing evidence that the consent was freely and
voluntarily given.  State v. Ibarra,
953 S.W.2d 242, 245 (Tex. Crim. App. 1997). 
The issue of voluntariness is determined from the totality of the
circumstances.  Meeks, 692 S.W.2d
at 510; Kolb, 532 S.W.2d at 90. 
While we defer to the trial court for fact findings, we review de
novo whether consent was voluntary. 
Vargas v. State, 18 S.W.3d 247, 253 (Tex. App.BWaco 2000, pet.
ref'd).

Prior to retrial,
appellant raised the search by way of his Amotion to suppress
physical evidence.@  No testimony was taken at the hearing on that
motion.  Instead, the parties were
permitted to fully argue their respective positions.  During trial, Officer Rally testified that he
obtained permission from appellant to Alook through his
vehicle,@ and saw the
overcoat.  Rally then testified about
receiving the coat from  Stalnaker:

Q.  Now, later on did you receive State=s exhibit Number 1
from a young lady named Jennifer Stalnaker?








A.  Yes, I did .

Q.  Did she voluntarily give this to you?

A.  Yes, she did.

. . .

Q.  Did Ms. Stalnaker have control of [appellant=s] vehicle with his
permission?

 

A.  Yes, she did.

Q.  Okay. 
And did she voluntarily give you this coat out of his vehicle?

A.  Yes, she did.

The unrebutted
testimony from Officer Rally was that both appellant and Stalnaker voluntarily
consented to the visual search of the vehicle, and then surrendered the
overcoat, respectively.  

Appellant argues there
is no showing that Rally advised Stalnaker that she did not have to surrender
the overcoat.  But that warning is not
required by law.  Roth v. State,
917 S.W.2d 292, 303 (Tex. App.BAustin 1995, no
pet.).  Moreover, an officer's testimony
that consent was voluntarily given can be sufficient evidence to prove that it
was.  Martinez v. State, 17 S.W.3d
677, 683 (Tex. Crim. App. 2000); Allridge v. State, 850 S.W.2d 471, 492‑93
(Tex. Crim. App. 1991); Alonzo v. State, 67 S.W.3d 346, 354 (Tex. App.BWaco 2001, pet.
filed).








In addition to the
authority cited above, we have reviewed the case relied upon by appellant, Sanchez
v. State, 982 S.W.2d 929 (Tex. App.BAustin 1998, no pet.).
We agree with the State that Sanchez is distinguishable from the instant
case because Stalnaker was in possession of appellant=s vehicle.  The law is clear that a third party may
properly consent to a search when he or she has equal control over and
authority to use the premises being searched. 
United
States v. Matlock, 415 U.S. 164, 171 (1974); Becknell v. State, 720
S.W.2d 526, 528 (Tex. Crim. App. 1986). Consequently, the controlling issue is
whether Stalnaker=s decision to
surrender the overcoat was voluntary. 
For the reasons stated above, we resolve that issue adversely to
appellant.

Accordingly, we hold
the trial judge did not abuse his discretion in denying appellant=s motion to suppress
the overcoat.  The first point of error
is overruled.

II.  Notice Required by Tex. Code Crim. Proc. Ann.
art. 37.07 ' 3(g).

The second point of
error contends the trial judge erred by permitting several witnesses to testify
at the punishment phase because the State did not comply with the notice
requirements of article 37.07, section 3(g) of the code of criminal
procedure.  Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(g) (Vernon
Supp.2002).  That article provides:

On timely request of
the defendant, notice of intent to introduce evidence under this article shall
be given in the same manner required by Rule 404(b), Texas Rules of Criminal
Evidence.  If the attorney representing the
state intends to introduce an extraneous crime or bad act that has not resulted
in a final conviction in a court of record or a probated or suspended sentence,
notice of that intent is reasonable only if the notice includes the date on
which and the county in which the alleged crime or bad act occurred and the
name of the alleged victim of the crime or bad act.  The requirement under this subsection that
the attorney representing the state give notice applies only if the defendant
makes a timely request to the attorney representing the state for the notice.








Id. (emphasis
supplied).  Appellant invoked this
section in a document entitled ARequest for Notice of
Extraneous Offenses or Acts and Request for Court Order.@  The trial judge granted that request.  Prior to any testimony being offered at the
punishment phase of trial, defense counsel, referring to the italicized portion
of the statute, stated he was not provided notice of the county or the name of
the victim.  The State responded that
defense counsel had been provided via letter with a detailed chart
cataloging the dates, the complaining witnesses, and the cities where the acts
occurred, namely AKirbyville, and Buna
and Jasper, all are in Jasper County.@  This chart also listed the property damage
related to these offenses.  The State
also furnished defense counsel with a list of witnesses which included the
victims of the extraneous acts.  The
trial judge overruled the objection and defense counsel admitted for purposes
of the record the documents mentioned by the State.








As stated in Chimney
v. State, 6 S.W.3d 681, 693 (Tex. App.BWaco 1999, no
pet.):  AThe purpose of article 37.07, section 3(g), is to
avoid unfair surprise and trial by ambush. 
In other words, the purpose is to allow the defendant time to prepare for
the State's introduction of the evidence of other bad acts at trial.@  Id. at 693.  A trial court's rulings as to the
admissibility of extraneous offense evidence are reviewed under an abuse of
discretion standard.  Mitchell v.
State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).  Appellant does not claim surprise, nor
provide any insight as to how he was surprised by the admission of the
complained of punishment testimony. Brown v. State, 54 S.W.3d 930, 933
(Tex. App.BCorpus Christi 2001,
pet ref=d) (discussing art.
37.07 sec. 3(g) in relation to victim impact evidence.).  Indeed, it seems highly unlikely that
appellant could have been surprised because these events were testified to at
appellant=s first trial.  See n.2, supra.

In light of the notice
actually provided in the State=s letter and witness
list, the fact that defense counsel had the reporter=s record from the
first trial, and the lack of surprise, we hold the trial judge did not abuse
his discretion in permitting the complained of witnesses to testify during the
punishment phase of trial.[5]  The second point of error is overruled.

III.  Photographs of Damage to Religious Objects.

Also at the punishment
phase, the State was permitted to admit, over appellant=s objection, several
photographs of religious figures damaged by appellant and an accomplice.  These photographs were admitted in connection
with the extraneous offenses discussed in part II, supra.  Appellant contends the trial court erred in
admitting the exhibits because their probative value was substantially
outweighed by the danger of unfair prejudice. 
Tex. R. Evid. 403.








As a general rule, a
photograph is admissible if a verbal description of what is depicted in the
photo is also admissible.  Legate v.
State, 52 S.W.3d 797, 806-07 (Tex. AppBSan Antonio 2001, pet.
ref=d).  Under this general rule, even autopsy
photographs are admissible unless they depict mutilations of the victim due to
the autopsy itself.  Rojas v. State,
986 S.W.2d 241, 249 (Tex. Crim. App. 1998). 
We review a trial court's decision under rule 403 under an abuse of
discretion standard. Salazar v. State, 38 S.W.3d 141, 151 (Tex. Crim.
App. 2001).

In the instant case,
at least two witnesses testified about the damage done in connection with the
burglary of a Catholic church in Kirbyville. 
The complained of photographs were admitted and referred to when these
witnesses described the damage sustained during the burglary.  We have examined the photographs and hold
that the trial court did not abuse his discretion in admitting these exhibits
during the punishment phase of appellant=s trial.  The third point of error is overruled.

The judgment of the
trial court is affirmed.

 

                                             

CHARLES F. BAIRD

Justice

 

 

Do not publish. 


Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this 

the
20th day of June, 2002.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]
Appellant=s
initial conviction for this offense was reversed.  McAdams v. State, No. 09-98-303-CR
(Tex. App.BBeaumont
Apr. 21, 1999, pet. ref=d)
(not designated for publication), 1999 WL 233525.  





[3]
The indictment alleged the burglary occurred on or about January 4, 1997.





[4]  Appellate counsel states that ARally@
is a misspelling; the witness=s
actual name is Rowley.  App. Br. pg. 12
n.1.





[5]  In this point of error, appellant also
complains of the admission into evidence of Aa
racist letter from appellant to another inmate with an attached note to
appellant from Lawrence Russell Brewer who was subsequently convicted in the >dragging
death= of James Byrd,
Jr., in Jasper County.@ App. br. pg.
20.  Appellant contends this was evidence
of a Abad act@
covered by art. 37.03, sec. 3(g). However, appellant concedes that neither the
letter nor appellant=s racial
prejudice constitute a Abad act,@
per se.  We agree with the State
that this evidence was more akin to character evidence, and appellant was not
entitled to notice under article 37.07, section 3(g).  Beasley v. State, 902 S.W.2d 452, 456
(Tex. Crim. App. 1995); Hardaway v. State, 939 S.W.2d 224, 226 (Tex.
App.BAmarillo 1997,
no pet.); Thornton v. State, 925 S.W.2d 7, 13 (Tex. App.BTyler
1994, pet. ref'd).