Franko **YBARRA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–88–088–CR.

Court of Appeals of Texas, Waco.

July 6, 1989.

Dale Reynolds Duff, Huntsville, for appellant.

Mark Patterson, Sp. Prison Prosecutor, Huntsville, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Ybarra from a sentence of 20 years' confinement in the Texas Department of Corrections for carrying a deadly weapon in a penal institution. Defendant plead guilty to the offense and appeals from the sentence which was assessed by the jury.

Defendant was indicted for unlawfully carrying a deadly weapon in a penal institution, enhanced by a prior conviction for a felony. Defendant plead guilty to the offense alleged in the indictment and plead true to the prior conviction alleged for enhancement.

Defendant appeals on 2 points from his sentence of 20 years.

■ Point 1 asserts "the trial court erred by swearing in a jury panel which had no hispanic members by reason of the State's peremptory challenge of the only hispanic veniremen".

After the clerk read the list of jurors and prior to the jurors being sworn in, counsel for defendant objected to the panel because, he stated, "We have a specific hispanic gentlemen who I feel was excluded by the State on purely racial grounds", and requested that "a new array be called from which a jury could be selected".

The juror complained of by defendant was juror Vernon Hokeah. Counsel for defendant stated to the court that juror Hokeah was a man of Spanish descent but offered no evidence that he was of Spanish descent, and did not question juror Hokeah about the matter.

The prosecutor then stated his reasons for striking Mr. Hokeah but never acknowledged that Hokeah was hispanic and neither did the court. The prosecutor stated Hokeah was struck because he was "young, seemed disinterested, looked too cool, and did not believe he would make a good State's juror", and further he seemed "arrogant".

*Batson v. Kentucky*, U.S. S.Ct., 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 requires that to invoke the protections set forth therein a defendant must establish purposeful discrimination by showing that the complained of juror was a member of a cognizable racial group. To the same effect is *Price v. State*, CA (Houston 10), 726 S.W.2d 611.

The record in this case does not show that juror was a member of the hispanic race or of which race he was a member. Further, the prosecutor testified Mr. Hokeah was struck because, among other reasons, he was young and disinterested. These reasons have been found to be sufficient as racially neutral explanations. *Chambers v. State*, CA (Houston 14), 724 S.W.2d 440.

Point 1 is overruled.

Point 2 asserts "the trial court erred by admitting into evidence opinion testimony that [defendant] belonged to a prison gang".

Rule 404 c, Texas Rules of Criminal Evidence provides that in the penalty phase, evidence may be offered by an accused or by the prosecution as to the prior criminal record of the accused [and] other evidence of his character may be offered by an accused or by the prosecution.

Rule 405 regarding proof of character allows testimony in the form of opinion or reputation.

The jury is concerned at the punishment hearing with evaluating a defendant's background and character independent of the commission of the crime on trial. *Sparkman v. State,* Ct.Crim.Appls, 580 S.W.2d 358. If reputation of gang membership gives the jury valuable information regarding the character of the defendant it should be allowed.

In this case defendant was indicted and convicted for a crime inside the Texas Department of Corrections, which fact was known to the jury. The jury certainly has a valid interest in knowing the reputation the defendant has made for himself inside the TDC. There was evidence that gang members were assaultive, that they fought other gangs, that a gang member could be assigned to kill another inmate and that if he did not do so, he could be killed. Gang-membership of an inmate bears on and is relevant to his character and is admissible.

Point 2 is overruled.

AFFIRMED.