Joe D. Fisher v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-340-CR

Â Â Â Â Â JOE D. FISHER,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the Criminal District Court No. 2
Tarrant County, Texas
Trial Court # 0634355D
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Fisher appeals his sentence of 30 years in the Texas Department of Criminal
JusticeâInstitutional Division following his conviction by a jury of aggravated robbery with a
deadly weapon.
Â Â Â Â Â Â Appellant and two accomplices kicked in the back door of Andrew Bales' home and robbed
him at shotgun point. Mr. Bales is a retired 67-year-old man who was sitting and reading his
newspaper on the morning of September 27, 1997. The robbers demanded Mr. Balesâ money, tied
him up with the phone cord and discussed shooting him. They took over $400 cash and the
victim's credit cards. Mr. Bales identified Appellant at trial.
Â Â Â Â Â Â Appellant gave statements to the police admitting his guilt. The jury found him guilty and in
the punishment phase assessed him thirty years in prison.
Â Â Â Â Â Â Appellant appeals on one point of error, seeking a reversal and remand on punishment only.
Â Â Â Â Â Â In his point of error Appellant contends the trial court erred by admitting gang-member
affiliation evidence at the punishment phase when the State failed to produce any witness who had
personal knowledge that Appellant was an active gang member.
Â Â Â Â Â Â Evidence of gang membership is admissible in a criminal prosecution punishment phase. 
Ybarra v. State, 775 S.W.2d 409, 411 (Tex. App.âWaco 1989, no pet.). Evidence of gang
membership is relevant to show the character of the defendant and as such is admissible at the
punishment phase. Anderson v. State, 901 S.W.2d 946, 950 (Tex. Crim. App. 1995).Â Â This
information alone, however, may not be enough for the jury to make an informed decision of
defendant's character. It is essential for the jury to know the type of activities the gang generally
engages in so it can determine if his gang membership is a positive or negative aspect of his
character and subsequently as a whole. Only after the jury is provided with this information can
there be a fair evaluation of how gang membership reflects on the gang-member's character. 
Beasley v. State, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995).
Â Â Â Â Â Â In this case, witness Kelly Willis, a probation officer, testified that in 1994 Appellant
identified himself to her as a gang member. Appellant stipulated that he had two tattoos: (1) "A-g-g Land 5" and the number "5/2"; and (2) "5" followed by an "X" followed by the numeral "2." 
Witness Officer Young testified that these are "Crips" gang-member tattoos and that the Fort
Worth Police Department records show that Appellant is a "Crips" gang member. Appellant
himself testified that he had been a "Crips" gang member but that he had disassociated himself
with the "Crips" gang at the end of 1995 or early in 1996 when his son was born.
Â Â Â Â Â Â The State offered Officer Young's testimony as a gang-member expert. His testimony was
that Appellant had "Crips" tattoos; that the "Crips" gang was engaged in crime and violence; that
the "Five Deuce Crips" had a bad reputation in the community; and that Appellant was listed as
a gang member in the Tarrant County Police Intelligence file.
Â Â Â Â Â Â The State did produce evidence at the punishment phase that Appellant was an actual gang
member. The State further produced evidence as to the activities of gang members in general and
the activities of the "Crips" gang in particular. This evidence was all admissible under the
authority of Ybarra, Anderson, andÂ Beasley, supra.
Â Â Â Â Â Â Appellant's point is overruled. The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 1, 1998
Do not publish 



 Supreme Court in In the
Interest of J.F.C., we have determined that the evidence is legally
sufficient.  See In re J.F.C., 96 S.W.3d 256 (Tex. 2002).Â 
Appellee, the Department of Family and Protective Services, points
primarily to the following evidence.[1]Â  When K.Â A.
was three years old, she climbed into a cabinet while Appellant was bathing and
ingested eleven doses of a laxative, which caused K.Â A. to have blisters
so that she had to be taken to a hospital emergency room.Â  Appellant
suffers from bipolar disorder and severe depression.Â  She sometimes stopped taking her medication
when she had custody of K.Â A.Â  When
she went off of her medication, she became overwhelmed, slept much of the time,
and had Âuncontrollable anger,Â with the result that she could not care for
K.Â A. properly.Â  This continued as
recently as a visitation with K.Â A. not long before trial, when Appellant
caused a ÂsceneÂ when she was off of her medication.Â  After K.Â A. was born, Appellant had
lived in several places, and the longest Appellant had lived in one place was
for two years.Â  As Appellant put it, the
Âeffect .Â .Â . that kind of moving around has on .Â .Â .
childrenÂ is ÂinstabilityÂ and thus Â[n]o sense of securityÂ; andÂ  K.Â A.Âs going back and forth between
AppellantÂs custody and foster care was Â[a]ffecting [K.Â A.] awful.Â

Â Â Â Â Â  We have viewed this evidence in the light most
favorable to the trial courtÂs finding.Â 
Pursuant to J.F.C., we have
assumed that the factfinder resolved disputed facts in favor of the finding if
a reasonable factfinder could have so resolved the facts.Â  Under this standard of review, we have
determined that the court could reasonably have formed a firm belief or
conviction that Appellant engaged in conduct that endangered K.Â A.Âs
physical or emotional well-being.Â  See Tex.
Fam. Code Ann. Â§Â 161.001(1)(E), Â§Â 101.007 (Vernon 2002); J.F.C., 96 S.W.3d at 266.Â  AppellantÂs first issue is overruled.

2.Â Â Â  Factual
Sufficiency of the Evidence.Â  In AppellantÂs second issue, she contends
that the evidence that she committed a predicate act for termination, and the
evidence that termination of her parental rights and appointment of the
Department as permanent managing conservator were in the best interest of
K.Â A., were factually insufficient.Â 
We will overrule AppellantÂs issue.Â 


Â Â Â Â Â  Applying
the standard of review for the factual sufficiency of the evidence established
by the Texas Supreme Court in In the
Interest of C.H., we have determined that the evidence was factually
sufficient.Â  See In re C.H., 89 S.W.3d 17 (Tex. 2002).

2.Â Â Â  a.Â Â Â  Engaging
in Conduct that Endangered K.Â A.Â 
First, Appellant contends that the evidence that she Âplace[d] the
children [sic] with any person that endangered the children [sic]Â was
factually insufficient.Â  See Tex.
Fam. Code Ann. Â§Â 161.001(1)(E).Â 
Again, the trial court found that Appellant had Âengaged in conduct or
knowingly placed the child with persons who engaged in conduct which
endanger[ed] the physical or emotional well-being of the child.ÂÂ  See id.Â  Appellant again contends that she Âdid not
place the children [sic] with any person that endangered the children [sic],Â
and points to evidence that after K.Â A. was removed from the home,
Appellant complied with her family service plan.Â  See
Tex. Fam. Code Ann.
Â§Â§Â 263.101 & 263.102 (Vernon 2002).Â 
Evidence in support of the finding that Appellant endangered K.Â A.
is as set out above.[2]

Â Â Â Â Â  Pursuant
to C.H. and J.F.C., we have not assumed that the trial court resolved disputed
facts in favor of the finding, but have given due consideration to evidence
that the court could reasonably have found to be clear and convincing.Â  Under this standard of review, we have
determined that the court could reasonably have formed a firm belief or
conviction that Appellant engaged in conduct that endangered K.Â A.Âs
physical or emotional well-being.Â  See Tex.
Fam. Code Ann. Â§Â§Â 161.001(1)(E), 101.007; J.F.C., 96 S.W.3d at 266-67; C.H.,
89 S.W.3d at 25.

2.Â Â Â  b.Â Â  Best
Interest of K.Â A.Â  Appellant
contends that it was not in K.Â A.Âs best interest to terminate AppellantÂs
parental rights and appoint the Department permanent managing conservator.Â  Appellant complains that the guardian ad
litem did not consider the Holley
factors in making her recommendation to the trial court; but Appellant does not
point to any evidence under those factors, or any other evidence.Â  See
Holley v. Adams, 544 S.W.2d 367 (Tex. 1976).Â 
Appellee points to the following evidence.[3]Â  A
psychologist who treated K.Â A. testified that K.Â A. wanted to stay
with her foster parents.Â  See id. at 372 (Âthe desires of the
childÂ).Â  The psychologist and a
Department caseworker testified that K.Â A. needed permanency, and that she
would suffer if she were returned to Appellant only to have to return
thereafter to foster care.Â  See id. (Âthe emotional and physical
needs of the child now and in the future,Â Âthe emotional and physical danger
to the child now and in the futureÂ).Â 
Besides the evidence stated above, the evidence at trial was that
Appellant did not maintain stable employment or relationships with men.Â  See id.
(Âthe parental abilities of the individuals seeking custodyÂ).Â  Though receiving parenting training,
Appellant continued, for example, to leave medicines within a childÂs reach;
though receiving drug counseling, Appellant continued to use marijuana.Â  See id.
(Âthe programs available to assist the[] individualsÂ seeking custody Âto
promote the best interest of the childÂ).Â 
K.Â A.Âs foster parents intended to adopt her.[4]Â  See id. at 372 (Âthe plans for the child
by the[] individuals or by the agency seeking custodyÂ).Â  Evidence concerning the instability of
AppellantÂs home is set out above, and the guardian ad litem testified that
K.Â A. was stable in the foster home.Â 
See id. (Âthe stability of the
home or proposed placementÂ).Â  Evidence
of AppellantÂs conduct endangering K.Â A. is set out above; there was also
evidence that Appellant put her own interests ahead of her childrenÂs.Â  See id.
(Âthe acts or omissions of the parent which may indicate that the existing
parent-child relationship is not a proper oneÂ).

Â Â Â Â Â  Pursuant
to C.H. and J.F.C., we have not assumed that the trial court resolved disputed
facts in favor of the finding, but have given due consideration to evidence
that the court could reasonably have found to be clear and convincing.Â  Under this standard of review, we have
determined that the court could reasonably have formed a firm belief or
conviction that termination of the parent-child relationship between Appellant
and K.Â A. was in K.Â A.Âs best interest.Â  See
Tex. Fam. Code Ann.
Â§Â 161.001(2) (Vernon 2002), Â§Â 101.007; J.F.C., 96 S.W.3d at 266-67; C.H.,
89 S.W.3d at 25.

2.Â Â Â  c.Â Â Â  Appointment
of Managing Conservator.Â  Appellant
also argues that the evidence that she should not be appointed managing
conservator was factually insufficient.Â 
ÂIf the court terminates the parent-child relationship with respect to
both parents .Â .Â .Â , the court shall appoint a suitable,
competent adult, the Department,Â or certain other agencies Âas managing
conservator of the child.ÂÂ  Tex. Fam. Code Ann. Â§Â 161.207(a)
(Vernon 2002).Â  Under this evidence, the
trial court would not have erred in finding that Appellant was not a Âsuitable,
competent adult.ÂÂ  See id.

Â Â Â Â Â  Accordingly,
AppellantÂs second issue is overruled.

3.Â Â Â  Effective
Assistance of Counsel.Â  In AppellantÂs third issue, she contends that
her trial counsel failed to render the effective assistance of counsel.Â  Appellant contends that her trial counsel
failed to object to certain evidence and failed to request findings of fact and
conclusions of law.Â  We will overrule
AppellantÂs issue.Â  

Â Â Â Â Â  As to
the failure to object to evidence, the record does not show the reasons for
counselÂs conduct, and we do not perceive that counselÂs conduct could not have
constituted legitimate trial strategy.Â  See In re J.W., 113 S.W.3d 605, 616
(Tex. App.ÂDallas 2003, pet. denied); State
ex rel. H.W., 85 S.W.3d 348, 357 (Tex. App.ÂTyler 2002, no pet.); see also In re M.S., 115 S.W.3d 534,
544-46 (Tex. 2003); Strickland v.
Washington, 466 U.S. 668, 687-88 (1984); Massaro v. United States, 538 U.S. 500, 504-505 (2003); Murphy v. State, 112 S.W.3d 592, 601
(Tex. Crim. App. 2003), cert. denied, 124
S.Â Ct. 1660 (2004).Â  As to the
failure to request findings of fact and conclusions of law, again, the record does
not reflect why counsel did not request findings of fact and conclusions of
law.Â  See Smith v. State, 17 S.W.3d 660,
662-63 (Tex. Crim. App. 2000) (motion for new trial); Oldham v. State, 977 S.W.2d 354, 360-63 (Tex. Crim. App. 1998)
(motion for new trial).Â  In any case,
Appellant cannot show prejudice from counselÂs failure to request findings of
fact and conclusions of law.Â  The trial
court found in its judgment that Appellant committed one predicate act for
termination and that termination was in K.Â A.Âs best interest.Â  Appellant has challenged the sufficiency of
the evidence of both of those findings based on the reporterÂs record, and we
have addressed AppellantÂs challenges.Â 
AppellantÂs third issue is overruled.

Â Â Â Â Â  Having overruled AppellantÂs issues, we
affirm the judgment.

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â  Justice Reyna

(Justice Vance concurs with a note.Â  The majority says it has considered Âevidence
that the court could have reasonably found to be clear and convincing.ÂÂ  We should make clear that in a civil factual
sufficiency review where the burden of proof at trial was by clear and
convincing evidence, we consider all the
evidence in a neutral light.)

Opinion
delivered and filed September 29, 2004

Affirmed

[CV06]








Â 











[1]Â  Appellee also puts great emphasis on evidence
of events that took place after K.Â A. was last removed from AppellantÂs
home.Â  If this evidence is probative on
AppellantÂs endangerment of the child, it is markedly less probative than the
evidence noted above.Â  See In re J.B., 93 S.W.3d 609, 617 (Tex.
App.ÂWaco 2002, pet. denied).





[2]Â  Appellant argues that evidence of her mental
disorder and evidence of events from K.Â A.Âs early childhood are not
probative.Â  We cannot agree.Â  The evidence was that when Appellant failed
to take her medications for her mental disorders, she endangered K. A.; and
that the instability in AppellantÂs home continued from K.Â A.Âs birth at
least until the last time K.Â A. was removed from AppellantÂs home.Â  The trial court could reasonably have found
this evidence to be clear and convincing.





[3]Â  Appellant argues that the trial court should
not have considered evidence on K.Â A.Âs best interest unless the court
made a finding on a predicate act.Â  We
cannot agree; but even if this were so, the court did make such a finding, and
so AppellantÂs argument is moot.





[4]Â  Although Appellant contends that the trial
court erred in considering K.Â A.Âs potential for adoption, adoptability is
a proper consideration.Â  See Holley, 544 S.W.2d at 372.