**Danny AGUILAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–00114–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 14, 2000.

269

Joseph Salhab, Houston, for appellants.

Barbara Anne Drumheller, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON, and FROST.

## OPINION

MAURICE E. AMIDEI, Justice.

Danny Aguilar appeals his conviction by jury for murder. *See* TEX. PEN.CODE ANN. § 19.02 (Vernon 1994). After hearing punishment evidence, the trial court assessed punishment at confinement for life in the Texas Department of Criminal Justice, Institutional Division. In his sole point of error, appellant asserts that the trial court erred in admitting evidence of appellant's membership in a criminal street gang at the punishment stage of the trial. For the reasons stated below, we affirm the judgment of the trial court.

## BACKGROUND

According to appellant's own statement, appellant went into a convenience store where Hoa Kim Thai worked as a clerk. Appellant, who was seventeen years old at the time, wanted to buy a cigar. Thai asked him for proof of age, and an argument ensued. Appellant then pulled out a gun and shot Thai twice, killing her. Two eyewitnesses positively identified appellant, and a police officer recognized him from the surveillance video recovered at the scene. After being arrested, appellant confessed to the crime.

## DISCUSSION

In a single point of error, appellant contends that the trial court erred in admitting testimony of his gang membership. Appellant argues that his gang membership is an activity protected *by the First Amendment.* Appellant further argues that the State did not meet the evidentiary predicate of proving the gang's violent and illegal activities.

We review a trial court's decision to admit or exclude evidence on an abuse of discretion standard. *See Green v. State,* 934 S.W.2d 92, 101–02 (Tex.Crim.App. 1996). We look to see whether the court acted without reference to any guiding rules or principles. *See Lyles v. State,* 850 S.W.2d 497, 502 (Tex.Crim.App.1993).

The mere fact that a trial court may decide a matter within its discretionary authority differently than a reviewing court does not demonstrate such an abuse. *See Montgomery v. State,* 810 S.W.2d 372, 391–92 (Tex.Crim.App.1990) (opinion on reh'g). Therefore, we will not reverse a trial court whose ruling was within the "zone of reasonable disagreement." *Green,* 934 S.W.2d at 102.

During the punishment phase of trial, Houston Police Officer Hundley, testified concerning appellants membership in a gang. This testimony established that Officer Hundley's duties as a gang force officer brought him into contact with appellant. The task force targets gangs and locations known for criminal gang activity. Officer Hundley testified that appellant admitted to being a member of a criminal street gang known as the Southbank gang.

The United States Supreme Court has recognized that admission of evidence of membership in a gang whose primary purpose is illegal activity is not barred by the First Amendment. *See Dawson v. Delaware,* 503 U.S. 159, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992); *United States v. Abel,* 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984); *Barclay v. Florida,* 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983). Texas courts have also recognized that the First Amendment does not bar admission of a defendant's gang membership at the punishment phase of trial. *See Anderson v. State,* 901 S.W.2d 946, 953 (Tex.Crim. App.1995).

■ Testimony regarding a defendant's affiliation with a gang may be relevant and admissible at the punishment stage of a trial for its bearing on the character of the accused. *See* Tex.Code Crim. Proc. Ann. art. 37.07 § 2(b)(1) (Vernon Supp.2000); *Anderson,* 901 S.W.2d at 950; *Beasley v. State,* 902 S.W.2d 452, 456 (Tex.Crim.App. 1995); *Ybarra v. State,* 775 S.W.2d 409 (Tex.App.-Waco 1989, no pet.). In *Anderson* the Court of Criminal Appeals decided that evidence must show the purpose of the gang to which defendant belongs so that the factfinder can conclude whether membership in this gang is a positive or negative character trait of the defendant. *See Anderson,* 901 S.W.2d at 950. In *Beasley,* the Court of Criminal Appeals held that it is not necessary to link the accused to the bad acts or misconduct generally engaged in by gang members, so long as the factfinder is 1) provided with evidence of the defendant's gang membership, 2) provided with evidence of character and reputation of the gang, 3) not required to determine if the defendant committed the bad acts or misconduct, and 4) only asked to consider reputation or character of the accused. *See Beasley,* 902 S.W.2d at 457. In the instant case, the testimony of Officer Hundley meets the criteria espoused in both *Anderson* and *Beasley.* The testimony showed that 1) appellant was a member of a gang, and 2) the gang was a "criminal street gang." This evidence establishes the bad reputation of the Southbank gang. The trial judge, acting as the factfinder, only had to determine appellant's character and reputation, and was not required to determine if the defendant committed extraneous offenses attributed to the Southbank gang. Therefore, under *Anderson* and *Beasley,* the State met the evidentiary predicate of proving the gang's illegal activities.

Having found that the trial court did not abuse its discretion in admitting evidence of appellant's gang membership, we overrule appellant's sole point of error and affirm the judgment of the trial court.