NO. 07-01-0190-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 14, 2001


______________________________



ERIC MCDUFFIE
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 137th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-432,497; HON. CECIL PURYEAR, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Eric McDuffie (appellant) appeals his murder conviction. Through two issues, he
contends that the trial court erred in admitting into evidence 1) a picture depicting the stock
of a shotgun found in the trunk of his car and 2) testimony regarding his gang affililiation. 
 We affirm the judgment. 

Background


 The State indicted appellant for the murder of Stephen Lopez. Appellant confessed
to shooting Lopez's "bitch ass once" as the two drove in separate cars down a street in
Lubbock. The one shot fired by appellant struck Lopez in the chest, and Lopez
subsequently died from the wound.

Issue One


 Appellant initially complains of the trial court's admission into evidence of pictures
depicting the trunk of his car. Seen in the pictures is a butt or stock of a shotgun. 
Admission of the pictures allegedly violated Texas Rules of Evidence 401, 403, and 404(b)
and constituted reversible error. We overrule the contention for it was waived. That is,
while appellant objected to the pictures when initially tendered into evidence, he remained
silent when they were again referred to later in the trial. Given that appellant had not
requested or obtained a running or continuous objection to the photographs, he was
obligated to object each time they or their contents were mentioned. Ethington v. State,
819 S.W.2d 854, 858-60 (Tex. Crim. App. 1991). Since he did not, his objections were
waived. Id.

Issue Two


 Appellant next contends that the trial court erred in admitting evidence, during the
punishment phase of the trial, of his affiliation with a criminal street gang. This was
allegedly error because it violated his First Amendment right to associate with others. We
overrule the point.

 Evidence of one's association with a criminal street gang is admissible if relevant,
despite the First Amendment to the United States Constitution. Mason v. State, 905
S.W.2d 570, 576-77 (Tex. Crim. App. 1995). Furthermore, such evidence is relevant at
the punishment phase of the trial "for its bearing on the character of the accused." Aguilar
v. State, 29 S.W.3d 268, 270 (Tex. App.-Houston [14th Dist.] 2000, no pet.). All the State
need do to secure its admission is to present evidence of the gang's violent or illegal
activities and the defendant's membership in the organization. Mason v. State, 905
S.W.2d at 577. Here, the State tendered evidence of 1) the violent and illegal activities
of criminal street gangs in general, 2) appellant's membership in a particular gang, and 3)
this gang's categorization as a criminal street gang. Given this, the evidence was relevant
to assessing appellant's character when determining punishment. Thus, it was admissible.

 Accordingly, we affirm the judgment of the trial court.

 

 Per Curiam


Do not publish.


 



sical or sexual abuse by one parent . . . directed
against the other parent, spouse or a child. And the Court finds that to be in
the best interest of the children. . . . (2) 

 

Following that announcement, the trial court declared Craig and Jackie to be joint managing
conservators of their children. 

 Upon Jackie's request, the trial court entered, as pertinent to this appeal, the
following findings of fact and conclusions of law:

* * *



 It is in the best interest of the children that [Jackie] and [Craig] be
appointed Joint Managing Conservators of the children.




 There is no credible evidence presenting a history or pattern of child
neglect, sexual abuse or physical abuse by one parent directed
against the other parent, a spouse or a child.


 


 [Craig] is a person fit to be appointed a parent joint managing
conservator with the exclusive right to establish the primary residence
of the children without regard to geographic location.


 


 [Jackie] is a person fit to be appointed a parent joint managing
conservator.



* * *


 


 That a protective order was entered against [Craig] for the protection
of [Jackie]. Three days after the protective order was entered, the
parties again lived together for a period of more than five months.


 

 12. Any finding of fact that is a conclusion of law shall be deemed a
conclusion of law.


In June of 2003, Jackie filed her notice of appeal to this Court.


 By her first issue, Jackie contends the trial court erred when it found there was no
credible evidence presenting a history or pattern of past or present physical abuse by Craig 
against her. Jackie argues, in other words, the critical issue is "whether credible evidence
presenting a history or pattern of past or present physical abuse by [Craig] against [Jackie]
was presented at trial." With her second issue, Jackie maintains the trial court abused its
discretion by appointing the parties joint managing conservators when such credible
evidence was presented. Because the two issues advance questions of law, and because
our disposition of the first issue controls our disposition of the second, we will discuss the
issues contemporaneously.

Trial Court Discretion


 Well established Texas law affords the trial court with wide latitude in determining
the best interest of minor children, and the decision of the trial court will be reversed only
when it appears from the record as a whole that the court has abused its discretion. 
Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982). That discretion, however, is now
subject to the provisions of section 153.004 of the Family Code, which applies when there
is a history of domestic violence within the family. (Vernon 2002). (3) Specifically, the Family
Code provides, in pertinent part:

 (a) In determining whether to appoint a party as a sole or joint managing
conservator, the court shall consider evidence of the intentional use
of abusive physical force by a party against the party's spouse . . .
committed within a two-year period preceding the filing of the suit or
during the pendency of the suit.



 The court may not appoint joint managing conservators if credible
evidence is presented of a history or pattern of past or present child
neglect, or physical or sexual abuse by one parent directed against
the other parent, a spouse, or a child . . . . 



Tex. Fam. Code Ann. § 153.004 (a) & (b) (Vernon 2002).


Findings of Fact and Conclusions of Law



 Next, we notice the trial court's designation of a finding of fact or conclusion of law
is not controlling on appeal. See Ray v. Farmers State Bank of Hart, 576 S.W.2d 607, 608
n.1 (Tex. 1979). The trial court's finding number six that "there is no credible evidence
presenting a history or pattern of child neglect, sexual abuse or physical abuse" is similar
to a finding that Jackie "failed to prove" certain elements. Cf. Williford v. Submergible
Cable, 895 S.W.2 379, 383 (Tex.App.-Amarillo 1994, no writ) (such a negative answer
means the party with the burden of proof has failed to carry the burden). Because the
evidence of physical abuse was undisputed, we conclude finding number six constitutes
a conclusion by the trial court that, as a matter of law, Jackie failed to prove her claim that
physical abuse had occurred. Cf. Sandoval v. Hartford Cas. Ins. Co., 653 S.W.2d 604, 607
(Tex.App.-Amarillo 1983, no writ) (where the testimony of a witness, even an interested
one, is clear, direct, positive, and uncontradicted by any other witness or attendant
circumstances, it is taken as true as a matter of law). We will, therefore, review the trial
court's conclusion of law de novo. In re Humphreys, 880 S.W.2d 402, 403 (Tex. 1994),
cert. denied, 513 U.S. 964, 115 S. Ct. 427, 130 L. Ed. 2d 340 (1994). That conclusion will
be set aside if it is erroneous as a matter of law. Benedictine Sisters of the Good Shepard
v. Ellison, 956 S.W.2d 629, 631 (Tex.App.-San Antonio 1997, pet. denied).

Analysis


 The Legislature did not define the terms history or pattern when it enacted section
153.004 of the Family Code. However, where, as here, the statute is clear and
unambiguous, the rules of statutory construction are inappropriate, and the statute should
be given its plain meaning. Cail v. Service Motors Inc., 660 S.W.2d 814, 815 (Tex. 1983). 
In common usage, the term history is defined as "events that form the subject matter of a
history" or "events of the past." Merriam-Webster's Collegiate Dictionary 549 (10th Ed.
2002). From that definition we deduce that, although a single act of violence or abuse may
not constitute a pattern, it can amount to a history of physical abuse. (4) Cf. Tex. Fam. Code
Ann. §153.004 (b) (Vernon 2002) (providing "a history of sexual abuse includes a sexual
assault that results in the other parent becoming pregnant with the child") (emphasis
added). Considering the record before us, we conclude that, because the acts of physical
abuse were either conceded by the parties or revealed by other uncontradicted testimony
at trial, as a matter of law credible evidence was presented of a history of physical abuse
by one parent against the other parent. Cf. Texas & N.O.R. Co. v. Burden, 203 S.W.2d
522, 530 (Tex. 1947) (where there is evidence upon an issue, and there is no evidence to
the contrary, the fact finder does not have the right to disregard the undisputed evidence
and decide the issue in accordance with his wishes). The trial court's conclusion of law to
the contrary is erroneous as a matter of law. Benedictine Sisters, 956 S.W.2d at 631. (5) 
Therefore, because the Family Code prohibits the appointment of joint managing
conservators where a history of physical abuse is presented, the trial court abused its
discretion in so designating Jackie and Craig. Jackie's first and second issues are
sustained.

 Accordingly, we reverse that portion of the trial court's judgment relating to
conservatorship, possession, and child support, and remand those issues to the trial court
for further proceedings. In all other aspects, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice





1. The final decree of divorce granted Jackie's request for her name to be changed
to Jackie Stulken and many documents contained in the record are so styled. For the sake
of clarity, however, we will refer to her as Jackie.
2. Jackie and Craig agree that none of the family violence was directed at their
children.
3. We recognize the most recent edition of the statute is located in a cumulative
pocket part; however, because that version is different from the one under which the parties
operated at trial, we will refer, instead, to the bound volume. Cf. Tex. Fam. Code Ann. §
153.004 (Vernon 2002) with Tex. Fam. Code. Ann. § 153.004 (Vernon Supp. 2004).
4. Our holding related to the history of physical abuse presented under the facts of this
case precludes a determination of whether, under a different set of circumstances, a single
act of violence could constitute a pattern under the terms of the statute. 
5. In reaching this conclusion, we have not overlooked Craig's reliance upon Burns
v. Burns, 116 S.W.3d 916 (Tex.App.-Dallas 2003, no pet.). However, we deem that case
to be factually distinguishable from the one at hand. In Burns, the evidence of physical
violence was conflicting, and the protective order at issue in the case seemingly was never
brought to the attention of the trial court.