NO. 07-01-0190-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 14, 2001
_____

ERIC MCDUFFIE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-432,497; HON. CECIL PURYEAR, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Eric McDuffie (appellant) appeals his murder conviction. Through two issues, he contends that the trial court erred in admitting into evidence 1) a picture depicting the stock of a shotgun found in the trunk of his car and 2) testimony regarding his gang affililiation. We affirm the judgment.

### Background

The State indicted appellant for the murder of Stephen Lopez. Appellant confessed to shooting Lopez's "bitch ass once" as the two drove in separate cars down a street in

Lubbock. The one shot fired by appellant struck Lopez in the chest, and Lopez subsequently died from the wound.

## Issue One

Appellant initially complains of the trial court's admission into evidence of pictures depicting the trunk of his car. Seen in the pictures is a butt or stock of a shotgun. Admission of the pictures allegedly violated Texas Rules of Evidence 401, 403, and 404(b) and constituted reversible error. We overrule the contention for it was waived. That is, while appellant objected to the pictures when initially tendered into evidence, he remained silent when they were again referred to later in the trial. Given that appellant had not requested or obtained a running or continuous objection to the photographs, he was obligated to object each time they or their contents were mentioned. *Ethington v. State*, 819 S.W.2d 854, 858-60 (Tex. Crim. App. 1991). Since he did not, his objections were waived. *Id.*

## Issue Two

Appellant next contends that the trial court erred in admitting evidence, during the punishment phase of the trial, of his affiliation with a criminal street gang. This was allegedly error because it violated his First Amendment right to associate with others. We overrule the point.

Evidence of one's association with a criminal street gang is admissible if relevant, despite the First Amendment to the United States Constitution. *Mason v. State*, 905 S.W.2d 570, 576-77 (Tex. Crim. App. 1995). Furthermore, such evidence is relevant at the punishment phase of the trial "for its bearing on the character of the accused." *Aguilar*

2

*v. State*, 29 S.W.3d 268, 270 (Tex. App.–Houston [14th Dist.] 2000, no pet.). All the State need do to secure its admission is to present evidence of the gang's violent or illegal activities and the defendant's membership in the organization. *Mason v. State*, 905 S.W.2d at 577. Here, the State tendered evidence of 1) the violent and illegal activities of criminal street gangs in general, 2) appellant's membership in a particular gang, and 3) this gang's categorization as a criminal street gang. Given this, the evidence was relevant to assessing appellant's character when determining punishment. Thus, it was admissible.

Accordingly, we affirm the judgment of the trial court.


Per Curiam


Do not publish.