HARRIS V. STATE 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-417-CR

JEREMY DEWAYNE HARRIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Jeremy Dewayne Harris pleaded guilty to sexual assault of a child under the age of seventeen.  Punishment was tried to a jury.  The jury assessed punishment at 20 years’ confinement.  In three points, Appellant argues that the trial court erred by admitting evidence of gang involvement, DNA analysis, and his juvenile record at the punishment hearing.  We affirm.

Standard of Review

We review a trial court's ruling to admit or exclude evidence under an abuse of discretion standard.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).  If the court's decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Weatherred
, 15 S.W.3d at 542; 
Montgomery
, 810 S.W.2d at 391.

Discussion

Evidence of gang involvement.

In his first point, Appellant complains that the trial court improperly admitted evidence of his involvement in a gang.

Outside the presence of the jury, Detective Scott Axton testified that Appellant said he was a member of the Nine Duce Hoova Crip gang and had the Crip gang insignia tattooed on his skin.  Axton testified that the Crip gang engages in criminal activity, primarily drug trade.  Appellant objected that the evidence of gang affiliation was irrelevant, “incredibly prejudicial,” and improper character evidence.  The trial court overruled Appellant’s objections but instructed Axton and the State not to mention the Crip gang’s involvement in drugs.  

In the presence of the jury, Detective Axton testified that Appellant claimed to be affiliated with the Crip gang and that the Crip gang was known for illegal activity.  Appellant renewed his pretrial objections and objections stated outside the presence of the jury.  The trial court again overruled his objections. 

Code of criminal procedure article 37.07, section 3(a) permits the court within its discretion to admit evidence at punishment of the defendant's “character.”  
Tex. Code Crim. Proc. Ann
. art. 37.07, § 3(a) (Vernon Supp. 2004-05).  Evidence of a defendant’s gang membership is admissible at punishment to show the character of the defendant, even without linking him to the gang’s bad acts, so long as the jury is 1) provided with evidence of the defendant's gang membership, 2) provided with evidence of the character and reputation of the gang, 3) not required to determine if the defendant committed the bad acts or misconduct, and 4) only asked to consider the reputation or character of the accused.   
Beasley v. State
, 902 S.W.2d 452, 457 (Tex. Crim. App. 1995).

Appellant argues on appeal that Detective Axton’s testimony that the Crip gang is “known for criminal activity” falls short of the second element of the 
Beasley
 test.  According to Appellant, the trial court erred by not allowing Detective Axton to testify in greater detail about the criminal activity for which the Crips are known, leaving the jury to speculate about the Crips and their activities and improperly maligning Appellant’s character by association.

Appellant’s argument fails for three reasons.  First, Appellant did not make this specific objection to the trial court.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  
A
ny objection at trial which differs from the complaint on appeal preserves nothing for review.  
Sterling v. State
, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1213 (1991).  We hold that Appellant forfeited his complaint by failing to make the appropriate objection at trial.

Second, even if Appellant had preserved his complaint, his argument fails because Detective Axton’s testimony satisfies the 
Beasley 
requirements.  The second element of the 
Beasley
 test merely requires that the jury be provided with evidence of the character and reputation of the gang, not specific criminal acts or specific types of criminal activity.  
See Beasley
, 902 S.W.2d at 457.  This case is factually similar to 
Aguilar v. State, 
29 S.W.3d 268, 270 (Tex. App.—Houston [14 Dist.] 2000, no pet.).  In 
Aguilar
, a police officer testified that the defendant was a member of a “criminal street gang.”  
Id.
  The court of appeals held that the description of the gang as a “criminal street gang” was  sufficient to establish the gang’s bad reputation and meet the “evidentiary predicate of proving the gang’s illegal activities” 
under 
Beasley
.  
Id.
  We hold that Axton’s testimony that the Crip gang is known for illegal activity was sufficient to apprise the jury of the gang’s character and reputation.

Third, any harm arising from the alleged error was cured when Appellant failed to object to similar testimony about his gang membership from another witness.  Later in the trial, Appellant’s wife also testified that he was a member of the Crip gang:

Q. Are you aware of whether or not your husband, the Defendant -

[DEFENSE COUNSEL] Objection to the form of the question.

[TRIAL COURT] Overruled.

Q. Are you aware of whether or not your husband, the Defendant, is a member of a gang?

A. He was a long time ago.

Q. What gang would that have been?

A. Nine Duce.

Q. Nine Duce Hoova Crip?

A. I mean, he hung out - - yeah.  Yes.  

Apart from his objection to the form of the question, Appellant made no objection to his wife’s testimony about his gang involvement.

A party must object each time inadmissible evidence is offered or obtain a running objection.  
Valle v. State
, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection.  
Id.
  Even if the trial court had erred by admitting Detective Axton’s testimony about Appellant’s gang affiliation and Appellant had preserved that error for review, the subsequent admission of the same evidence without objection cured the error.

We overrule Appellant’s first point.

DNA evidence.

In his second point, Appellant argues that the trial court erred by permitting the State’s DNA expert to testify.  Specifically, Appellant claims that the trial court erred by taking judicial notice of the reliability of DNA testing. To be considered reliable, evidence derived from a scientific theory must satisfy three criteria:  (a) the underlying scientific theory must be valid; (b) the technique applying the theory must be valid; and (c) the technique must have been properly applied on the occasion in question.  
Kelly v. State,
 824 S.W.2d 568, 573 (Tex. Crim. App. 1992).  Factors that could affect a trial court's determination of reliability include, but are not limited to, the following:  (1) the extent to which the underlying scientific theory and technique are accepted as valid by the relevant scientific community, if such a community can be ascertained; (2) the qualifications of the expert(s) testifying; (3) the existence of literature supporting or rejecting the underlying scientific theory and technique; (4) the potential rate of error of the technique; (5) the availability of other experts to test and evaluate the technique; (6) the clarity with which the underlying scientific theory and technique can be explained to the court;  and (7) the experience and skill of the person(s) who applied the technique on the occasion in question.  
Id.
   

But trial courts are not required to reinvent the scientific wheel in every trial:

A party seeking to introduce evidence of a scientific principle need not always present expert testimony, treatises, or other scientific material to satisfy the 
Kelly
 test.  It is only at the dawn of judicial consideration of a particular type of forensic scientific evidence that trial courts must conduct full-blown “gatekeeping” hearings under 
Kelly
.   Once a scientific principle is generally accepted in the pertinent professional community and has been accepted in a sufficient number of trial courts through adversarial 
Daubert/Kelly
 hearings, subsequent courts may take judicial notice of the scientific validity (or invalidity) of that scientific theory based upon the process, materials, and evidence produced in those prior hearings.

Similarly, once some courts have, through a 
Daubert/Kelly 
“gatekeeping” hearing, determined the scientific reliability and validity of a specific methodology to implement or test the particular scientific theory, other courts may take judicial notice of the reliability (or unreliability) of that particular methodology.

Hernandez v. State
, 116 S.W.3d 26, 28-29 (Tex. Crim. App. 2003).

In this case, the trial court held a pretrial 
Kelly/Daubert 
hearing on the DNA evidence.  Constance Patton, a senior forensic biologist with the Tarrant County Medical Examiner’s office, testified at the hearing.  Patton described how she compared Appellant’s DNA with a sperm sample taken from the victim’s panties using the STR/PCR method.  She testified that the PCR methodology has been in use since the mid-1980s and the STR methodology has been in use since the early 1990s.  The STR/PCR methodology is used throughout the United States and worldwide.  Patton described her extensive training and experience in the methodology and testified that she applied that experience and training in this case.  Patton developed a DNA profile of the sperm from the panties that was the same as the DNA from Appellant.  The probability of selecting an unrelated person with the same DNA profile is one in 166 quadrillion for Caucasians, one in 214 trillion for African Americans, and one in 811 quadrillion for Southwestern Hispanics.  The trial court took judicial notice that Patton’s methodology and technique were valid and that Patton applied them properly in this case. 

Texas courts have accepted the reliability of DNA testing generally, and the PCR methodology specifically.  
See, e.g.,
 
Campbell v. State
, 910 S.W.2d 475, 479 (Tex. Crim. App.), 
cert. denied
, 517 U.S. 1140 (1995); 
see also Roberson v. State
, 16 S.W.3d 156, 165-68 (Tex. App.—Austin, pet. ref’d) (reciting cases and other sources that validate the reliability of DNA testing).  In light of Patton’s testimony and the decisions of other courts validating the reliability of DNA testing, we hold that the trial court did not abuse its discretion by taking judicial notice of the validity and reliability of DNA testing and allowing Patton to testify at trial.  We overrule Appellant’s second point.

Juvenile record.

In his third issue, Appellant complains that the trial court erred by permitting the State to cross-examine a defense witness about Appellant’s juvenile record.

Appellant called his mother, Henrietta Rauch, to testify on his behalf. Under direct examination, Rauch denied that Appellant had ever been convicted of a felony.  On cross-examination, the State asked Rauch to tell the members of the jury about Appellant’s prior convictions, beginning with his juvenile record.  Appellant objected that the question violated a motion in limine.  The trial court overruled the objection.  Rauch then testified that Appellant was put on probation for delinquent conduct, including assaults against his wife and his wife’s sister.  Later in the trial, Appellant’s wife also testified, without objection, that Appellant had been on juvenile probation for assaulting her. 

Code of criminal procedure article 37.07, section 3 provides that notwithstanding rule of evidence 609(6), evidence of an adjudication of delinquency is admissible at the punishment phase of a trial if the adjudication is based on a violation by the defendant of a penal law of the grade of a felony or a misdemeanor punishable by confinement in jail.  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3.  Assault is a class A misdemeanor punishable by confinement in jail.  
Tex. Penal Code Ann.
 §§ 12.21 (Vernon 2003), 22.01 (Vernon Supp. 2004-05).  Therefore, the trial court did not abuse its discretion by allowing the State to cross-examine Rauch about Appellant’s delinquency adjudications for assault.

We overrule Appellant’s third point.

Conclusion

Having overruled Appellant’s three points, we affirm the trial court’s judgment.  
See 
Tex. R. App. P.
 43.2(a).

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.