COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-417-CR


JEREMY DEWAYNE HARRIS                                                   APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
Introduction
        Appellant Jeremy Dewayne Harris pleaded guilty to sexual assault of a
child under the age of seventeen. Punishment was tried to a jury. The jury
assessed punishment at 20 years’ confinement. In three points, Appellant
argues that the trial court erred by admitting evidence of gang involvement,
DNA analysis, and his juvenile record at the punishment hearing. We affirm.
Standard of Review
        We review a trial court's ruling to admit or exclude evidence under an
abuse of discretion standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.
Crim. App. 2000); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1991) (op. on reh'g). If the court's decision falls outside the “zone of
reasonable disagreement,” it has abused its discretion. Weatherred, 15 S.W.3d
at 542; Montgomery, 810 S.W.2d at 391.
Discussion
1.     Evidence of gang involvement.
        In his first point, Appellant complains that the trial court improperly
admitted evidence of his involvement in a gang.
        Outside the presence of the jury, Detective Scott Axton testified that
Appellant said he was a member of the Nine Duce Hoova Crip gang and had the
Crip gang insignia tattooed on his skin. Axton testified that the Crip gang
engages in criminal activity, primarily drug trade. Appellant objected that the
evidence of gang affiliation was irrelevant, “incredibly prejudicial,” and improper
character evidence. The trial court overruled Appellant’s objections but
instructed Axton and the State not to mention the Crip gang’s involvement in
drugs. 
        In the presence of the jury, Detective Axton testified that Appellant
claimed to be affiliated with the Crip gang and that the Crip gang was known
for illegal activity. Appellant renewed his pretrial objections and objections
stated outside the presence of the jury. The trial court again overruled his
objections. 
        Code of criminal procedure article 37.07, section 3(a) permits the court
within its discretion to admit evidence at punishment of the defendant's
“character.” Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp.
2004-05). Evidence of a defendant’s gang membership is admissible at
punishment to show the character of the defendant, even without linking him
to the gang’s bad acts, so long as the jury is 1) provided with evidence of the
defendant's gang membership, 2) provided with evidence of the character and
reputation of the gang, 3) not required to determine if the defendant committed
the bad acts or misconduct, and 4) only asked to consider the reputation or
character of the accused. Beasley v. State, 902 S.W.2d 452, 457 (Tex. Crim.
App. 1995).
        Appellant argues on appeal that Detective Axton’s testimony that the Crip
gang is “known for criminal activity” falls short of the second element of the
Beasley test. According to Appellant, the trial court erred by not allowing
Detective Axton to testify in greater detail about the criminal activity for which
the Crips are known, leaving the jury to speculate about the Crips and their
activities and improperly maligning Appellant’s character by association.
        Appellant’s argument fails for three reasons. First, Appellant did not
make this specific objection to the trial court. To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion. 
Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim.
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999). Any objection
at trial which differs from the complaint on appeal preserves nothing for review. 
Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), cert. denied,
501 U.S. 1213 (1991). We hold that Appellant forfeited his complaint by
failing to make the appropriate objection at trial.
        Second, even if Appellant had preserved his complaint, his argument fails
because Detective Axton’s testimony satisfies the Beasley requirements. The
second element of the Beasley test merely requires that the jury be provided
with evidence of the character and reputation of the gang, not specific criminal
acts or specific types of criminal activity. See Beasley, 902 S.W.2d at 457. 
This case is factually similar to Aguilar v. State, 29 S.W.3d 268, 270 (Tex.
App.—Houston [14 Dist.] 2000, no pet.). In Aguilar, a police officer testified
that the defendant was a member of a “criminal street gang.” Id. The court
of appeals held that the description of the gang as a “criminal street gang” was 
sufficient to establish the gang’s bad reputation and meet the “evidentiary
predicate of proving the gang’s illegal activities” under Beasley. Id. We hold
that Axton’s testimony that the Crip gang is known for illegal activity was
sufficient to apprise the jury of the gang’s character and reputation.
        Third, any harm arising from the alleged error was cured when Appellant
failed to object to similar testimony about his gang membership from another
witness. Later in the trial, Appellant’s wife also testified that he was a member
of the Crip gang:
Q.Are you aware of whether or not your husband, the
Defendant -
        [DEFENSE COUNSEL]   Objection to the form of the question.
[TRIAL COURT]Overruled.
Q.Are you aware of whether or not your husband, the
Defendant, is a member of a gang?
 
A.He was a long time ago.
        Q.     What gang would that have been?
A.Nine Duce.
Q.Nine Duce Hoova Crip?
A.I mean, he hung out - - yeah. Yes. 
Apart from his objection to the form of the question, Appellant made no
objection to his wife’s testimony about his gang involvement.
        A party must object each time inadmissible evidence is offered or obtain
a running objection. Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App.
2003). An error in the admission of evidence is cured where the same evidence
comes in elsewhere without objection. Id. Even if the trial court had erred by
admitting Detective Axton’s testimony about Appellant’s gang affiliation and
Appellant had preserved that error for review, the subsequent admission of the
same evidence without objection cured the error.
        We overrule Appellant’s first point.
2.     DNA evidence.
        In his second point, Appellant argues that the trial court erred by
permitting the State’s DNA expert to testify. Specifically, Appellant claims that
the trial court erred by taking judicial notice of the reliability of DNA testing.         To be considered reliable, evidence derived from a scientific theory must
satisfy three criteria: (a) the underlying scientific theory must be valid; (b) the
technique applying the theory must be valid; and (c) the technique must have
been properly applied on the occasion in question. Kelly v. State, 824 S.W.2d
568, 573 (Tex. Crim. App. 1992). Factors that could affect a trial court's
determination of reliability include, but are not limited to, the following: (1) the
extent to which the underlying scientific theory and technique are accepted as
valid by the relevant scientific community, if such a community can be
ascertained; (2) the qualifications of the expert(s) testifying; (3) the existence
of literature supporting or rejecting the underlying scientific theory and
technique; (4) the potential rate of error of the technique; (5) the availability of
other experts to test and evaluate the technique; (6) the clarity with which the
underlying scientific theory and technique can be explained to the court; and
(7) the experience and skill of the person(s) who applied the technique on the
occasion in question. Id. 
        But trial courts are not required to reinvent the scientific wheel in every
trial:
A party seeking to introduce evidence of a scientific principle need
not always present expert testimony, treatises, or other scientific
material to satisfy the Kelly test. It is only at the dawn of judicial
consideration of a particular type of forensic scientific evidence that
trial courts must conduct full-blown “gatekeeping” hearings under
Kelly. Once a scientific principle is generally accepted in the
pertinent professional community and has been accepted in a
sufficient number of trial courts through adversarial Daubert/Kelly
hearings, subsequent courts may take judicial notice of the
scientific validity (or invalidity) of that scientific theory based upon
the process, materials, and evidence produced in those prior
hearings.
 
Similarly, once some courts have, through a Daubert/Kelly
“gatekeeping” hearing, determined the scientific reliability and
validity of a specific methodology to implement or test the
particular scientific theory, other courts may take judicial notice of
the reliability (or unreliability) of that particular methodology.

Hernandez v. State, 116 S.W.3d 26, 28-29 (Tex. Crim. App. 2003).
        In this case, the trial court held a pretrial Kelly/Daubert hearing on the
DNA evidence. Constance Patton, a senior forensic biologist with the Tarrant
County Medical Examiner’s office, testified at the hearing. Patton described
how she compared Appellant’s DNA with a sperm sample taken from the
victim’s panties using the STR/PCR method. She testified that the PCR
methodology has been in use since the mid-1980s and the STR methodology
has been in use since the early 1990s. The STR/PCR methodology is used
throughout the United States and worldwide. Patton described her extensive
training and experience in the methodology and testified that she applied that
experience and training in this case. Patton developed a DNA profile of the
sperm from the panties that was the same as the DNA from Appellant. The
probability of selecting an unrelated person with the same DNA profile is one
in 166 quadrillion for Caucasians, one in 214 trillion for African Americans, and
one in 811 quadrillion for Southwestern Hispanics. The trial court took judicial
notice that Patton’s methodology and technique were valid and that Patton
applied them properly in this case. 
        Texas courts have accepted the reliability of DNA testing generally, and
the PCR methodology specifically. See, e.g., Campbell v. State, 910 S.W.2d
475, 479 (Tex. Crim. App.), cert. denied, 517 U.S. 1140 (1995); see also
Roberson v. State, 16 S.W.3d 156, 165-68 (Tex. App.—Austin, pet. ref’d)
(reciting cases and other sources that validate the reliability of DNA testing). 
In light of Patton’s testimony and the decisions of other courts validating the
reliability of DNA testing, we hold that the trial court did not abuse its discretion
by taking judicial notice of the validity and reliability of DNA testing and
allowing Patton to testify at trial. We overrule Appellant’s second point.
3.     Juvenile record.
        In his third issue, Appellant complains that the trial court erred by
permitting the State to cross-examine a defense witness about Appellant’s
juvenile record.
        Appellant called his mother, Henrietta Rauch, to testify on his behalf.
Under direct examination, Rauch denied that Appellant had ever been convicted
of a felony. On cross-examination, the State asked Rauch to tell the members
of the jury about Appellant’s prior convictions, beginning with his juvenile
record. Appellant objected that the question violated a motion in limine. The
trial court overruled the objection. Rauch then testified that Appellant was put
on probation for delinquent conduct, including assaults against his wife and his
wife’s sister. Later in the trial, Appellant’s wife also testified, without
objection, that Appellant had been on juvenile probation for assaulting her. 
        Code of criminal procedure article 37.07, section 3 provides that
notwithstanding rule of evidence 609(6), evidence of an adjudication of
delinquency is admissible at the punishment phase of a trial if the adjudication
is based on a violation by the defendant of a penal law of the grade of a felony
or a misdemeanor punishable by confinement in jail. Tex. Code Crim. Proc.
Ann. art. 37.07, § 3. Assault is a class A misdemeanor punishable by
confinement in jail. Tex. Penal Code Ann. §§ 12.21 (Vernon 2003), 22.01
(Vernon Supp. 2004-05). Therefore, the trial court did not abuse its discretion
by allowing the State to cross-examine Rauch about Appellant’s delinquency
adjudications for assault.
        We overrule Appellant’s third point.
 

Conclusion
        Having overruled Appellant’s three points, we affirm the trial court’s
judgment. See Tex. R. App. P. 43.2(a).


                                                          ANNE GARDNER
                                                          JUSTICE
 
PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.