NUMBER 13-00-603-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


DONALD RAY BROWN , Appellant,


v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 85th District Court

of Brazos County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Donald Ray Brown, pleaded guilty to aggravated sexual assault of a child. (1) A jury convicted appellant and
assessed punishment at fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice.
By three issues, appellant contends that, because the State did not give him specific notice of its intent to introduce victim
impact evidence during the punishment phase of the trial, the court erred in overruling his objection to the admission of
such evidence. We affirm.

In issues one through three, appellant argues that victim impact testimony was improperly allowed because he did not
receive notice as required by article 37.07(3) (g) of the Texas Code of Criminal Procedure. Article 37.07(3)(g) provides:

On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same
manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to
introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or
suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which
the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under
this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the
attorney representing the state for the notice.

Tex. Code Crim. Proc. Ann. art. 37.07(3)(g) (Vernon Supp. 2001).

On April 13, 1999, appellant filed the following notice:

Comes now the defendant in the above entitled and numbered cause, DONALD RAY BROWN, pursuant to Arts. 37.07
and 38.37 of the Texas Code of Criminal Procedure and Rule 404(b) of the Texas Rules of Evidence and hereby requests
that the State give reasonable notice in advance of trial of intent to offer evidence of other crimes, wrongs or bad acts under
these provisions.

Although appellant complains of lack of notice, our review of the record reveals that in response to this request and prior to
trial, the State provided three notices. On May 4, 1999, the State notified appellant of its intent to introduce evidence of the
following offenses:

1. The [sic] on or about May of 1994 until June of 1996 (from the time the victim was in third grade until she was 11 years
old) the defendant did then and there intentionally and knowingly cause the penetration of the female sexual organ of Jane
Doe a child younger than 14 years of age who was not the spouse of said defendant by inserting the defendant's finger, by
causing the penetration of the mouth of said Jane Doe, and by causing the sexual organ of said Jane Doe to contact the
mouth of said defendant. . . .

In November 1999, the State gave appellant notice of its intent to introduce evidence of the following offenses:

1. As far back as the victim (Jane Doe) can remember the defendant in Brazos County, Texas did then and there
intentionally and knowingly cause the penetration of the female sexual organ of Jane Doe a child younger th[a]n 14 years of
age who was not the spouse of said defendant by inserting the defendant's finger, by causing the penetration of the mouth of
said Jane Doe, and by causing the sexual organ of said Jane Doe to contact the mouth of said defendant.

Finally, on January 27, 2000 the State responded by way of a third notice that it intended to introduce evidence that "[o]n
April 1, 1999 the defendant recorded an audiotape in which he made admissions concerning this offense. The tape was
delivered to the victim on August 4, 1999." Defendant did not request more specific notice from the State. We conclude
the State provided reasonable notice of its intent to offer evidence of other crimes, wrongs or bad acts.

Appellant complains, however, that the State's notice must have been specific as to its intent to offer victim impact
testimony through a psychologist, the victim's mother and the victim. Appellant offers no authority to support his argument
that he should have received specific advance notice of the victim impact testimony the State intended to offer. He urges,
instead, that we should apply Chimney v. State, 6 S.W.3d 681, 698 (Tex. App.--Waco 1999, no pet.), to the facts of this
case. In Chimney, the principle issue was whether oral notice of the State's intent to introduce evidence of gang affiliation
at trial was sufficient. See id. at 693-99. In holding oral notice was sufficient, the court concluded that article 37.07
required the State to give notice of its intent to introduce character evidence, specifically the defendant's gang affiliation.
See id. at 697, 699. The court reasoned that because section 3(g) expressly requires notice of evidence the State intends to
introduce under article 37.07, and section 3(a) of that article includes character evidence as evidence "relevant to
sentencing," the State was required to give notice of any character evidence it intended to offer during the punishment
phase of the trial. (2) See Chimney, 6 S.W.3d at 698 (citing Tex. Code Crim. Proc. Ann. arts. 37.07, § 3(a), (g) (Vernon
Supp. 2001)). Chimney, however, is distinguishable from the present case.

The gang activity or character evidence referred to in Chimney relates to extraneous crimes, wrongs or bad acts. An
extraneous act is defined as any act of misconduct, whether resulting in prosecution or not, that is not shown in the
charging papers. See Rankin v. State, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996). Here, the testimony provided by the
psychologist, the victim's mother and the victim was evidence of the impact of the offense on the victim, not evidence of an
extraneous offense. Victim impact testimony is not evidence of an act of misconduct; rather, it is evidence of how the
crime has affected the victim listed in the charging instrument. We will not apply the reasoning in Chimney to the facts of
this case.

The courts have broadened the scope of permissible evidence at punishment to include information related to the impact of
the offense on the victim. See Stavinoha v. State, 808 S.W.2d 76, 78-79 (Tex. Crim. App. 1991) (holding victim impact
evidence in aggravated sexual assault case admissible as circumstance of offense when it has some bearing on defendant's
personal responsibility and moral guilt); Brooks v. State, 961 S.W.2d 396, 389 (Tex. App.--Houston [1st Dist.] 1997, no
pet.) (relevance of victim impact testimony in a non-capital felony case requires that such testimony have a "close, direct
link to circumstances of case"); Brown v. State, 865 S.W.2d 38, 40 (Tex. App.--Austin 1994, no pet.) (evidence of victim's
physical or emotional injury permitted at punishment phase, so long as the fact finder may rationally attribute moral
culpability to the accused for the injury). The purpose of article 37.07, section 3(g) is to avoid surprise, that is, trial by
ambush. See Chimney, 6 S.W.3d at 693. "[I]ts purpose is to allow the defendant adequate time to prepare for the State's
introduction of the [evidence] at trial." Id. (citation omitted). Here, appellant does not claim surprise, or provide any
insight as to how he was surprised by the admission of the victim impact testimony.

We conclude that the State was not required to give specific notice of its intent to introduce victim impact evidence.
Accordingly, the trial court did not err in overruling appellant's objection to the admission of victim impact evidence at the
punishment phase of his trial. Issues one, two and three are overruled.

The judgment of the trial court is affirmed.





NELDA V. RODRIGUEZ

Justice



Publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of August, 2001.

1. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2001).

2. Section 3(a) provides in relevant part:



[After a finding of guilty] evidence may be offered by the state and the defendant as to any matter the court deems relevant
to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character,
an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules
404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond
a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act. . . .



Tex. Code Crim. Proc. Ann. arts. 37.07, § 3(a) (Vernon Supp. 2001).