Sanchez v. SOT














NUMBERS 13-02-00170-CR
                                                        13-02-00175-CR
 
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

GUSTAVO DAVID SANCHEZ,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 138th District Court of Cameron County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Hinojosa

          A jury found appellant, Gustavo David Sanchez, guilty of murder in cause number
13-02-175-CR, and guilty of three counts of aggravated assault in cause number 13-02-170-CR. The jury rejected appellant’s application for community supervision and assessed
his punishment at life imprisonment and a $5,000 fine for the murder conviction and ten
years imprisonment for each count of the aggravated assault convictions. All sentences
were ordered to run concurrently. The trial court has certified that these cases are not
plea-bargain cases and “the defendant has the right of appeal.” See Tex. R. App. P.
25.2(a)(2). Appellant does not attack the sufficiency of the evidence supporting his
convictions, but contends: (1) the juvenile court was without jurisdiction to enter the order
transferring these cases to the trial court; (2) the trial court erred in admitting evidence of
extraneous acts during the punishment phase of these cases without reasonable notice;
(3) the State improperly commented on appellant’s post-arrest silence; and (4) the trial
court improperly excluded defense evidence at punishment. In both of these cases, we
affirm the judgments of the trial court.
A. Background
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4.
          In the early morning hours of April 8, 2001, Michael Rosales and three friends were
in the backyard of his grandmother’s house in Harlingen. One of the friends, Richard
Reyes, testified that he saw two individuals in the alley behind the house. The two
individuals, later determined to be appellant and co-defendant, Travis Gabriel, approached
the yard. Appellant fired four gunshots in the direction of Rosales. Rosales was hit in the
back and killed. At the time of the shooting, appellant was sixteen years old.
B. Jurisdiction of Juvenile Court to Enter Transfer Order
          In his first issue, appellant contends the juvenile court erred in transferring these
cases to the criminal court because it lacked jurisdiction. Appellant asserts the record does
not affirmatively show the following elements required by the family code: (1) appellant
was personally served with the summons; (2) appellant was served with a copy of the
State’s petition; and (3) the summons stated that the purpose of the hearing was to
consider transferring the cases to criminal court.
          Juvenile transfer proceedings are generally governed by section 54.02 of the Texas
Family Code. Among other things, section 54.02 requires that “[t]he petition and notice
requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied,
and the summons must state that the hearing is for the purpose of considering
discretionary transfer to criminal court.” Tex. Fam. Code Ann. § 54.02(b) (Vernon 2002). 
Pursuant to section 53.06, the juvenile court must direct issuance of a summons, and the
petition accompanied by the summons must be served upon the child named in the
petition. Tex. Fam. Code Ann. § 53.06 (Vernon 2002). Absent an affirmative showing on
the record of service upon the juvenile, the juvenile court is without jurisdiction. In re
D.W.M., 562 S.W.2d 851, 853 (Tex. 1978); In re K.P.S., 840 S.W.2d 706, 708 (Tex.
App.–Corpus Christi 1992, no writ).
          As required by section 53.06, the record contains a summons, petition and return
of service directed to appellant and appellant’s mother, Rita Sanchez. See Tex. Fam. Code
Ann. § 53.06 (Vernon 2002). The record shows that the summons and a copy of the
petition were hand-delivered to appellant by a Cameron County deputy sheriff. An officer’s
return which is valid on its face carries a presumption of the truth of the facts stated on the
return and that the service and return were true and regular. Sauve v. State, 638 S.W.2d
608, 610 (Tex. App.–Dallas 1982, pet. ref'd). A defendant may rebut this presumption, but
his testimony alone is not sufficient; instead, he must offer corroborating facts and
circumstances to rebut the presumption. Polanco v. State, 914 S.W.2d 269, 271 (Tex.
App.–Beaumont 1996, pet. ref’d); Hot Shot Messenger Serv., Inc. v. State, 818 S.W.2d
905, 908 (Tex. App.–Austin 1991, no writ). Appellant has offered no evidence that he was
not properly served, other than his bald assertion on appeal. Thus, appellant has not
demonstrated a defect in service.
          Appellant further contends the trial court lacked jurisdiction because the summons
failed to state that the purpose of the hearing was to consider a discretionary transfer of
these cases to criminal court. The record shows that the summons issued to and served
upon appellant provided, in relevant part:
To any sheriff, constable or peace officer of the State of Texas, Greetings:
You are hereby commanded to summons: the child, Gustavo David
Sanchez, who resides at . . . to be and appear before the 138th District Court
of Cameron County, Texas, sitting as a Juvenile Court of Cameron County,
on May 31, 2001 at 9:00 a.m., to answer the allegations of the Petition, a
copy of which is attached hereto and made a part hereof.
 
The attached petition was entitled, “Petition for Discretionary Transfer to Criminal Court.” 
According to the petition, the State was seeking discretionary waiver of jurisdiction and
transfer to criminal court for criminal proceedings. Thus, while the summons itself did not
include the phrase “the hearing is for the purpose of considering discretionary transfer to
criminal court,” it did include an express incorporation of the allegations of the attached
petition and the petition contains references to criminal proceedings in criminal court, thus
satisfying section 54.02(b) of the family code. See Hardesty v. State, 659 S.W.2d 823, 825
(Tex. Crim. App. 1983) (en banc). Appellant’s first issue is overruled.
C. Introduction of Extraneous Evidence
          In his second issue, appellant contends it was reversible error for the trial court to
admit evidence of extraneous bad acts at the punishment phase of the trial because the
State failed to give reasonable notice of its intent to introduce the extraneous evidence.
          Article 37.07, section 3 of the code of criminal procedure governs the admission of
extraneous acts after a defendant has been found guilty. That statute provides that the
parties may offer evidence of any matter the court deems relevant to sentencing. Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004). Upon the defendant’s
timely request, the State must give notice of its intent to introduce extraneous evidence of
a crime or bad act that has not resulted in a final conviction in a court of record or a
probated or suspended sentence. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon
Supp. 2004). Notice of the State’s intent to introduce extraneous evidence is reasonable
only if the notice includes the date on which and the county in which the alleged crime or
bad act occurred and the name of the alleged victim of the crime or bad act. Id. (emphasis
added). The purpose of the notice requirement is to avoid unfair surprise and trial by
ambush. Brown v. State, 54 S.W.3d 930, 933 (Tex. App.–Corpus Christi 2001, pet. ref’d);
Henderson v. State, 29 S.W.3d 616, 625 (Tex. App.–Houston [1st Dist.] 2000, pet. ref’d). 
Because these rules provide only minimal details regarding the manner in which notice is
given, the reasonableness of the State’s notice turns on the facts and circumstances of
each individual case. Scott v. State, 57 S.W.3d 476, 480 (Tex. App.–Waco 2001, pet.
ref'd); Patton v. State, 25 S.W.3d 387, 392 (Tex. App.–Austin 2000, pet. ref’d).
          On August 15, 2001, appellant filed a motion for discovery of “all prior misconduct
and evidence of extraneous offense(s), which the State intends to use against the
Defendant.” The next day, the State filed a “Notice of State’s Intention to Introduce
Extraneous Offenses.” The notice listed two aggravated assaults occurring on or about
April 6, 2001, in Cameron County. The names of the alleged victims were listed as
unknown.
          On August 30, 2001, defense counsel argued against the introduction of any
extraneous offense evidence, and specifically the April 6 aggravated assaults. The trial
court reserved ruling on the admissibility of this evidence for trial, and noted that the State
had merely provided appellant with notice of the extraneous acts. At a pre-trial hearing on
December 10, 2001, defense counsel generally claimed a lack of notice of any extraneous
act committed on April 6. The prosecuting attorney responded on the record that she had
provided defense counsel with a revised copy of the notice she had previously filed, with
the names of the alleged victims handwritten in. She further stated she had sent the
revised notice on August 16, 2001, as soon as she learned the names of the victims. Trial
commenced December 11, 2001 and concluded with the punishment phase on December
14, 2001.
          Ultimately the determination of the reasonableness of the State’s notice is made by
the trial court and is committed to its sound discretion. Sebalt v. State, 28 S.W.3d 819,
822 (Tex. App.–Corpus Christi 2000, no pet.). After reviewing the record, we hold that the
trial court did not abuse its discretion in allowing the State to present evidence of the April
6, 2001 shootings. It is undisputed that defense counsel knew of the State’s intention to
introduce the extraneous acts evidence as early as August 2001. The State promptly gave
notice of the alleged victims’ names as soon as they were known. Before the punishment
hearing, the trial court soundly rejected appellant’s contention of being surprised or
ambushed.
          Furthermore, after the jury had retired to deliberate punishment, appellant stated on
the record that he had, in fact, committed the extraneous offenses. Appellant stated that
he had failed to tell his defense counsel that he had committed the acts. Considering this
evidence, appellant cannot now claim to be surprised by the introduction of the extraneous
offense evidence at the punishment hearing. Appellant’s second issue is overruled.
D. Comment on Defendant’s Post-Arrest Silence
          In his third issue, appellant contends the trial court erred in denying his motion for
mistrial because the State improperly commented on his post-arrest silence. We review
a trial court’s denial of a motion for mistrial under an abuse-of-discretion standard. Ladd
v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).
          The complained-of comment occurred during the testimony of Detective Alvaro
Garcia, the officer who arrested appellant and the co-defendant, Travis Gabriel, at
Gabriel’s apartment on the night of the shooting. The State examined Garcia regarding
the demeanor of the two juveniles after detaining them in the apartment. The prosecutor
asked:
          Q:       What was their behavior like when you were interviewing them?
 
          A:       They were just calm, sitting there on the sofa, really didn’t have any
answers for us when we were asking questions.
 
The record reflects that appellant timely moved for a mistrial, outside the presence of the
jury. Appellant argued that Garcia’s testimony violated the defendant’s constitutional right
to remain silent. The trial court denied appellant’s motion for mistrial. The trial court did
not give the jury a curative instruction because appellant’s counsel specifically requested
that no instruction be given.
          A comment on a defendant’s post-arrest silence violates the prohibition against self-incrimination provided by the Fifth Amendment to the United States Constitution and Article
I, Section 10 of the Texas Constitution. Doyle v. Ohio, 426 U.S. 610, 618 (1976); Dinkins
v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995); Sanchez v. State, 707 S.W.2d 575,
580 (Tex. Crim. App. 1986); see U.S. Const. amend. V; Tex. Const. art. I, § 10. A
comment on a defendant’s post-arrest silence is akin to a comment on his failure to testify
at trial because it attempts to raise an inference of guilt arising from the invocation of a
constitutional right. Dinkins, 894 S.W.2d at 356.
          Generally, an instruction to disregard will cure any error associated with a comment
on a defendant’s post-arrest silence. Id.; Lewis v. State, 933 S.W.2d 172, 182 (Tex.
App.–Corpus Christi 1996, pet. ref’d). An instruction to disregard is considered effective
unless the facts of the particular case suggest the impossibility of withdrawing the
impression produced on the minds of the jury. Franklin v. State, 693 S.W.2d 420, 428
(Tex. Crim. App. 1985).
          In the present case, we find nothing in the record that leads us to conclude that the
detective’s comment was clearly calculated to inflame the minds of the jury, or that the jury
was fatally prejudiced by the testimony. The prosecutor’s question did not intentionally
elicit the complained-of statement; rather, it was a general question concerning the
defendants’ demeanor. Further, this was an isolated reference and the State did not
continue in an impermissible line of argument and made no other mention of appellant’s
post-arrest silence.
          Moreover, the remark was not so inflammatory that an admonishment could not
have removed any prejudicial effect. However, the jury was not admonished because
appellant specifically requested that a curative instruction not be given to the jury.
          We hold the trial court did not err in refusing to grant a mistrial. We overrule
appellant’s third issue.
E. Exclusion of Defense Evidence
          In his fourth issue, appellant contends the trial court’s exclusion of defense evidence
showing appellant’s state of mind was reversible error. We review a trial court’s decision
to admit or exclude evidence under an abuse of discretion standard. Allen v. State, 108
S.W.3d 281, 284 (Tex. Crim. App. 2003). We will reverse the trial court’s decision only if
it is outside the zone of reasonable disagreement. Id.
          The code of criminal procedure provides that during the punishment phase, a trial
court may admit evidence of any matter the court deems relevant to sentencing. Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2004). Determining what is
relevant should be a question of what is helpful to the jury in determining the appropriate
sentence for a particular defendant in a particular case. Rogers v. State, 991 S.W.2d 263,
265 (Tex. Crim. App. 1999).
          The record in these cases shows that, prior to the night in question, someone shot
at appellant’s home. The persons responsible for the shooting received deferred
adjudication community supervision for ten years. Appellant stated that as a result of the
shooting, he was forced to purchase a gun to protect himself and his family since the
“system” would not provide such protection, as evidenced by the lenient sentences
received by the guilty parties. Appellant claimed that the reason he fired his gun at the
deceased was because he felt threatened at the time and was only trying to scare the
victims.
          During punishment, appellant sought to introduce evidence of these sentences to
show his state of mind at the time of the murder and as a mitigating factor at punishment. 
The State argued that this evidence should be excluded because it was not relevant. The
trial court excluded evidence of these sentences; however, it did allow appellant to
introduce evidence regarding three separate shootings involving appellant. In two
instances, appellant’s home was fired upon. In the third incident, appellant was shot while
standing next to his sister’s vehicle. At the punishment hearing, appellant was allowed to
present his self-defense argument as a mitigating factor.
          We can see no reason why evidence of the sentences imposed against other
individuals in a completely unrelated matter would be helpful to the jury in determining the
appropriate sentence in these particular cases. More importantly, appellant has failed to
show that the trial court abused its discretion in excluding this evidence. Accordingly, we
overrule appellant’s fourth issue.
          In both of these cases, we affirm the judgments of the trial court.

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
1st day of July, 2004.