ACCEPTED
06-15-00038-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/20/2015 4:54:33 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00038-CV

\* \* \* \* \* \* \* \* \* \* \* \* \*

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/21/2015 8:22:00 AM
DEBBIE AUTREY
Clerk

## IN THE COURT OF APPEALS

## SIXTH APPELLATE DISTRICT OF TEXAS

## AT TEXARKANA, TEXAS

\* \* \* \* \* \* \* \* \*

## IN THE MATTER OF THE MARRIAGE OF

## AMANDA BRADSHAW AND BARNEY BRADSHAW

\* \* \* \* \* \* \* \* \*

Appealed from the County Court at Law

Rusk County, Texas

Trial Court No. 2013-09-482-CCL

_____

## BRIEF OF APPELLANT AMANDA BRADSHAW
_____

EBB B. MOBLEY
Attorney at Law
State Bar # 14238000
422 North Center Street-Lower Level
P.O. Box 2309
Longview, Texas 75606
Telephone (903) 757-3331
Facsimile (903) 753-8289
ebbmob@aol.com

ATTORNEY FOR APPELLANT

IN THE MATTER OF THE MARRIAGE OF

AMANDA BRADSHAW AND BARNEY BRADSHAW

_____

**IDENTITY OF PARTIES AND COUNSEL**
Pursuant to T.R.A.P. 38.1(a)
_____


| Appellant: | AMANDA BRADSHAW | 78 Florey Lake<br>Kilgore, Texas 75662 |
|---|---|---|
| Appellant's<br>trial counsel | EBB B. MOBLEY<br>Attorney at Law | P.O. Box 2309<br>Longview, Texas 75606 |
| Appellee pro se | BARNEY BRADSHAW<br>Inmate #1942978 | Michael Unit TDCJ-ID<br>Tennessee Colony, Texas 75886 |
| Trial Judge: | CHAD DEAN<br>Rusk County Court at Law | 115 North Main Street, 2nd Floor<br>Henderson, Texas 75662 |
| Appellant's<br>counsel on appeal: | EBB B. MOBLEY<br>Attorney at law | P. O. Box 2309<br>Longview, TX   75606 |
| Appellee pro se<br>on appeal: | BARNEY BRADSHAW<br>Inmate #1942978 | Michael Unit TDCJ-ID<br>Tennessee Colony, Texas 75886 |

# TABLE OF CONTENTS

Page

IDENTITIES OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

ISSUE ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

The trial court erred in failing to characterize and confirm the
house and real property at 78 Florey Lake, Kilgore, Texas as the
separate property of Amanda Bradshaw.

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

ISSUE TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

The trial judge abused his discretion in the division of
the marital estate of the parties.

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9-10

PRAYER  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

APPENDIX  Decree of Divorce CR-64

# INDEX OF AUTHORITIES

**Cases**

*Barry Samuel Bradshaw v. State,* 06-14-00165-CR slip op. May 5, 2015,
    2015 Tex.App. LEXIS 4545, pet'd denied 10/7/15 . . . . . . . . . . . . . . . . . . . . . .6

*Boyd v. Boyd,* 131 S.W.3d 605, 615-17 (Tex.App. - Fort Worth 2004, no pet.) . . . . . 8

*Brown v. State,* 54 S.W.3d 930 (Tex.App. - corpus Christi, pet. ref'd) . . . . . . . . . . . .10

*Cochran v. Wool Growers Cent. Storage Co.,* 166 S.W.2d 904, 908 (Tex. 1942) . . . .8

*Cockerham v. Cockerham,* 527 S.W.2d 162, 167 (Tex. 1975) . . . . . . . . . . . . . . . . . .7

*Garza v. Garza,* 217 S.W.3d 538, 548 (Tex.App. - San Antonio
    2006, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9,10

*Hailey v. Hailey,* 176 S.W.3d 374 (Tex.App. - Houston 9[1st Dist] 2004, no pet.) . . .9

*In Re Marriage of Brown,* 187 S.W.3d 143, 146 (Tex.App. - Waco 2006, no pet.) . .10

*In the Matter of the Marriage of Barney S. Bradshaw and Amanda Cheri
    Bradshaw,* No. 12-14-00056-CV, slip op. August 13, 2014, 2014
    Tex.App. LEXIS 8859, no pet. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex. 1985) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kirtley v. Kirtley,* 417 S.W.2d 847, 853 (Tex.App. - Texarkana 1967, writ dism'd) . .8

*McKinley v. McKinley,* 496 S.W.2d 540, 543 (Tex. 1973) . . . . . . . . . . . . . . . . . . . .7

*Moroch v. Collins,* 174 S.W.3d 849, 857 (Tex.App. - Dallas 2005, pet. denied) . . . . .9

*Murff v. Murff,* 615 S.W.2d 696, 699 (Tex. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Stavinhoa v. Stavinhoa,* 126 S.W.3d 604, 608 (Tex.App.-Houston [14th Dist.]
    2004, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

**Codes**

Family Code §3.003(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Family Code §7.001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

## STATEMENT OF THE CASE

This is an appeal from division of marital property in a divorce. Appellant AMANDA BRADSHAW will be referred to as "Appellant," "Amanda" or the wife. Appellee BARNEY BRADSHAW will be referred to as "Appellee", or "Barney" or the husband.

## SCRIVENER'S NOTE

Counsel for Appellant has provided pro se Appellee BARNEY BRADSHAW Inmate #1942978, Michael Unit TDCJ-ID, 2664 FM 2054, Tennessee Colony, Texas 75886, a photocopy of the Clerk's Record and the Reporter's Record in this case in addition to a copy of this brief by United States mail return receipt requested.

Amanda Griffin married Barney Bradshaw on November 13, 2010. The parties separated in August, 2013. On September 10, 2013, Amanda Bradshaw filed suit for divorce from Barney Bradshaw. Amanda sought a divorce on both fault and no-fault grounds. No children were born to or adopted during this marriage. CR 4-5.

On September 27, 2013, Barney, an inmate in the Rusk County Jail awaiting indictment, filed his pro se answer. CR-9. He sought confirmation of his separate property consisting of a motorcycle and several motor vehicles. He also sought return of personal property belonging to his brother. CR - 11. He made no claim of any sort as to any real property.

On November 12, 2013, Amanda and her trial counsel appeared for a bench trial. After hearing evidence the trial judge granted Amanda a no-fault divorce and awarded her certain motor vehicles and firearms. CR-15. A house and real property located at 78 Florey Lake in Kilgore was confirmed as Amanda's separate property. CR-16.

On December 12, 2013, Barney through counsel filed his timely motion for a new trial. CR-21. After a full hearing with testimony by both parties, the trial court denied the motion for new trial. CR-73.

Barney filed an appeal to the Twelfth Court of Appeals. The divorce and property division were reversed and remanded for a new trial because Barney had been denied the opportunity to appear and participate in the trial.[1] CR-35.

On remand at a bench trial on May 4, 2015, both parties testified. The trial court issued a letter ruling on May 4, 2015 that awarded Barney a 50% interest in 78 Florey Lake. CR-30. On May 5, 2015, the Texarkana Court of Appeals issued an opinion

---

[1] No. 12-14-00056-CV, In the Matter of the Marriage of Barney S. Bradshaw and Amanda Cheri Bradshaw, slip op. August 13, 2014, 2014 Tex.App. LEXIS 8859, no pet.

affirming the criminal conviction and 60 year sentence assessed Bradshaw for continuous sexual abuse of a child.[2] CR-41.

On May 8, 2015, Amanda moved to reopen her divorce case. CR-32. On June 8, 2015, the trial court considered additional testimony from Amanda and her two daughters, some of the four victims of the numerous sexual assaults made the basis of Barney's criminal trial, conviction, and appeals. Barney denied the sexual assaults on the children and physical abuse of Amanda. RR 21 .

On June 9, 2015, the trial court issued a second letter ruling. The trial judge granted a fault based divorce, and reduced Barney's interest in 78 Florey Lake to 20% as opposed to the prior award of 50%. CR 63-67.

Amanda appeals the trial court characterization of 78 Florey Lake as community property and the subsequent division of the community property.

## ISSUE NO. ONE

The trial court erred in failing to characterize and confirm the house and real property at 78 Florey Lake, Kilgore, Texas as the separate property of Amanda Bradshaw.

## ISSUE NO. TWO

The trial judge abused his discretion in the division of the marital estate of the parties.

---

[2]No. 06-14-00165-CR, Barry Samuel Bradshaw v. State, slip op. May 5, 2015, 2015 Tex.App. LEXIS 4545, pet'd denied 10/7/15.

## ISSUE NUMBER ONE

The trial court erred in failing to characterize and confirm the house and real property at 78 Florey Lake, Kilgore, Texas as the separate property of Amanda Bradshaw.

## SUMMARY OF THE ARGUMENT

78 Florey Lake, Kilgore, Texas is the separate property of Amanda Bradshaw because she successfully traced its total purchase price from proceeds of a fire insurance claim on a separate property house she owned before her marriage to Barney Bradshaw.

## STANDARD OF REVIEW

Amanda Bradshaw had the burden of proof to demonstrate to the trial court by clear and convincing evidence that the real property at 78 Florey Lake was her separate property. Family Code §3.003(b), *McKinley v. McKinley,* 496 S.W.2d 540, 543 (Tex. 1973).

The clear and convincing standard requires evidence on which "a reasonable trier of fact could have found a firm belief or conviction that its finding was true. *Stavinhoa v. Stavinhoa,* 126 S.W.3d 604, 608 (Tex.App.-Houston [14th Dist.] 2004, no pet.).

When separate property has mutated since its inception of title, the party claiming the property is separate must clearly trace the original property through all of its mutations to the particular property on hand during the marriage. *Cockerham v. Cockerham,* 527 S.W.2d 162, 167 (Tex. 1975).

# ANALYSIS

Generally, one spouse's uncorroborated and uncontradicted testimony will not be sufficient to constitute clear and convincing evidence. *See Boyd v. Boyd,* 131 S.W.3d 605, 615-17 (Tex.App.-Fort Worth 2004, no pet.); *Kirtley v. Kirtley,* 417 S.W.2d 847, 853 (Tex.App.-Texarkana 1967, writ dism'd). But when the testimony of both interested parties is uncontradicted and is clear, direct, positive, and free from inaccuracies, and when there are no circumstances tending to cast suspicion on it, the testimony is taken as true as a matter of law. *Cochran v. Wool Growers Cent. Storage Co.,* 166 S.W.2d 904, 908 (Tex. 1942).

Both Amanda and Barney testified Amanda owned a house (511 Nolen) before the parties' marriage that subsequently was destroyed by fire during their marriage. RR 6. Both also testified that a new residence (78 Florey Lake) was purchased with funds received from the fire insurance claim on Amanda's separate property. 3 RR 25-26.

Barney bases his claim to an ownership interest in 78 Florey on the fact that his name was on the fire insurance claim settlement draft. RR 23.

But the action of a third party insurance company cannot alter the separate property character of real estate by its attempts to forestall any claims by a mere occupant (Barney) as opposed to the record title holder (Amanda). Barney also testified about his personal labor in maintaining and repairing both 511 Nolen and 78 Florey Lake. But he produced no documentation to corroborate his claims for reimbursement or contribution.

78 Florey may never be free of future title clouding claims by Barney Bradshaw. R 22. But an unequivocal judicial statement that the property is the separate property of Amanda Bradshaw would go a long way towards curing any further problems.

## ISSUE NUMBER TWO

The trial judge abused his discretion in the division of the marital estate of the parties.

## SUMMARY OF THE ARGUMENT

Amanda Bradshaw has been unfairly penalized by the trial court's award of an interest in her home to her husband Barney Bradshaw. RR-54. She is paying an unconscionable price to divorce her physical abuser and to protect her children from a serial sexual predator.

## ARGUMENT

## STANDARD OF REVIEW

A trial court is charged with dividing the estate of the parties in a "just and right" manner, considering the rights of both parties. TEX. FAM. CODE §7.001 *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex. 1985). The community property of the marital estate need not be equally divided. *Murff v. Murff,* 615 S.W.2d 696, 699 (Tex. 1981). A trial court may order an unequal division of the community property when a reasonable basis exists for granting that relief. *Hailey v. Hailey,* 176 S.W.3d 374 (Tex.App.-Houston [1st Dist] 2004, no pet).

A trial court's division of property is reviewed under an abuse of discretion standard. *Moroch v. Collins,* 174 S.W.3d 849, 857 (Tex.App.-Dallas 2005, pet. denied); *see also Garza v. Garza,* 217 S.W.3d 538, 548 (Tex.App.-San Antonio 2006, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Garza,* 217 S.W.3d at 549; *Moroch,* 174 S.W.3d at 857. A two part inquiry is conducted : (1) did the trial court have sufficient

evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion? *Garza,* 217 S.W.3d at 549.

## <u>ANALYSIS</u>

It is difficult to imagine a more blame-worthy fault in the break up of a marriage than repeated sexual acts towards a husband's minor step daughters. And the action of the husband "tasing" and kicking his wife are also acts of extreme abuse. RR 18.

Acts of a criminal, sexual nature in the break up of a marriage were dealt with in *In Re Marriage of Brown,* 187 S.W.3d 143, 146 (Tex.App. - Waco 2006, no pet.). The criminal acts were outlined in *Brown v. State,* 54 S.W.3d 930 (Tex.App. - Corpus Christi, pet. ref'd). The trial court award of 100% of the community property to the wife and de minimus assets to the inmate husband was reversed and remanded to the trial court. The trial evidence in *Brown* was found not sufficient to support the disproportionate award of 100% of the community property to the wife and nothing t0 the husband, a convicted child molester. The court focused on values for the property in question. Value is not an issue at bar, as only one asset is at issue.

Barney has been rewarded by the trial court for his conduct, as well as unsubstantiated and uncorroborated claims against the property at 78 Florey Lake. Barney's 20% interest, if upheld by this court, clouds the title to 78 Florey Lake in perpetutity. Barney has no responsibility for maintenance, repairs, taxes or insurance, and no incentive to join in these ongoing expenses or to agree to any future refinancing, remodeling, or sale of the property unless his demands are met. He must serve 60 years flat.

The division of 78 Florey Lake is not only an abuse of discretion. It is an unconscionable reward for monstrous behavior.

## PRAYER

For the reasons stated in this brief, Appellant prays that the trial court's judgment of divorce be affirmed, the characterization of 78 Florey Lake as community property be reversed and rendered as the separate property of appellant; or, alternatively, the division of community property division should be reversed and remanded for a new trial.

Respectfully submitted,

EBB B. MOBLEY
Attorney at Law
422 North Center Street
P.O. Box 2309
Longview, Texas 75606
Telephone: (903) 757-3331
Facsimile: (903) 753-8289
ebbmob@aol.com

/s/ Ebb B. Mobley
**EBB B. MOBLEY**
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 2261 words according to the computer program used to prepare the document.

/s/ Ebb B. Mobley
EBB B. MOBLEY

## CERTIFICATE OF SERVICE

A copy of this brief was provided to Barney Samuel Bradshaw, Inmate #1942978, Michael Unit-TDCJ-ID, 2664 FM 2054, Tennessee Colony, Texas 75886, on the 20th day of October, 2015 by U.S. Mail, return receipt requested.
.

/s/ Ebb B. Mobley
EBB B. MOBLEY